## Champion Eslow and another v. The Township of Albion and another.

*Equity pleading and practice: Orders nunc pro tunc: Proofs taken without authority.* It is not within the purview of an order *nunc pro tunc* to operate *ex post facto* to give force to a chamber order which was void for want of jurisdiction, or to give validity to proofs taken in a chancery cause without authority of law under such void order.

*Heard and decided June 10.*

Appeal in Chancery from Calhoun Circuit.

The defendants having elected after this cause was at issue, to have the witnesses examined in open court, and having given the requisite notice therefor, the complainants procured an order at chambers that instead of the trial in open court the proofs should be taken before a commissioner. Proofs were so taken and the case proceeded to final decree, and was then appealed to this court.—See *27 Mich.*, 4. It was there held that the judge had no power to make such an order at chambers; that the proofs taken were without authority and must be stricken out, and that the decree was premature; and the cause was remanded. Complainants' counsel thereupon procured from the court below an order in open court, of like import, to be entered *nunc pro tunc*, as of the date of the chamber order aforesaid, so as to save the testimony before taken. The court below heard the cause upon the proofs already taken, and entered a decree dismissing the bill. Complainants appealed.

*Frank G. Holmes* and *G. V. N. Lothrop*, for defendants, moved to strike the testimony from the files.

*Brown & Patterson*, for complainants, *contra.*

THE COURT held that it was not within purview of an order *nunc pro tunc* to operate *ex post facto* to give force to such chamber order, which was void for want of jurisdic-

32 MICH.—25.

tion; or to give validity to the proofs taken without authority of law under it; and that the case stood, therefore, with no valid evidence before the court.

Decree below modified so as to dismiss the bill without prejudice, and otherwise affirmed.