DAVIS COLLIERY CO. *v.* CHARLEVOIX SUGAR CO.

1. JUDGES—DISQUALIFICATION—AFFINITY—VOID ORDERS—ORDERS NUNC PRO TUNC.

> Under section 1109, 1 Comp. Laws, no judge in any court can sit as such in any case in which he is a party or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties. And where a judge, although ignorant of the existence of the disability, does sit in a case where he is thus disqualified, the order or decree made is void; and said order cannot be validated by the entry of an order nunc pro tunc by a judge who had been called to sit in the case after the disqualification had been discovered.

2. CORPORATIONS—RECEIVERS—WAIVER OF OBJECTION.

> In an action of assumpsit against a corporation, an objection was raised that a receiver had been appointed and should have been made a party to the suit. Plaintiff acquiesced in the view of the court that such action should have been taken, and the case passed the term. Subsequently the case was noticed for hearing, the trial had, and judgment obtained. *Held*, it not appearing that plaintiff was then aware of the disqualification of the judge who appointed the receiver, that, on a bill in aid of execution, he was not estopped to attack the jurisdiction of the court, nor was the right waived.

Appeal from Charlevoix; Shepherd, J., presiding. Submitted November 11, 1908. (Docket No. 151.) Decided December 21, 1908.

Bill in aid of execution by the Davis Colliery Company against the Charlevoix Sugar Company and others. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*R. W. Kane*, for complainant.

*Lisle Shanahan*, for defendants.

MONTGOMERY, J.    This is a bill filed in aid of execution and as a judgment creditors' bill.    The facts upon which the bill is based, briefly stated, are as follows: Complainant was a creditor of the Charlevoix Sugar Company, and on the 21st of September, 1904, commenced a suit in the circuit court for the county of Charlevoix against the company, and at the March term, 1905, recovered a judgment for $406.95 and costs of $21.69.    On the 1st of December, 1904, Alva L. Coulter, one of the above-named defendants, who was a stockholder in the Charlevoix Sugar Company, filed a bill in the circuit court for the county of Charlevoix, in chancery, against the sugar company, the purpose of which was to secure the appointment of a receiver of the sugar company.    This case came on to be heard before Hon. Frederick W. Mayne, circuit judge, and on the 3d of December, 1904, Judge Mayne appointed Samuel A. Marting receiver with full power to take possession of the property, etc.    Mr. Marting proceeded to qualify as receiver.    The plant, including the real estate appurtenant thereto, was subsequently sold under decrees of the circuit court for the county of Charlevoix, in chancery, in mechanics' lien suits to satisfy the claims represented thereby.    The circuit court commissioner being disqualified, the court appointed Samuel A. Marting as special commissioner to make the sale under the decree.    Upon such sale, after satisfying the decrees in full, there was a surplus of $1,477.48, which amount was by subsequent order of the court, on petition of the receiver, transferred from and paid by the special commissioner to himself as receiver.    On the 19th of April, 1905, execution was issued on the judgment obtained by the complainant in its assumpsit suit, and, upon return nulla bona, an alias execution, on the 21st of June, 1905, was issued and placed in the hands of the same officer, and a levy was made upon certain real estate of the Charlevoix Sugar Company and a certificate of levy duly filed 'in the office of the register of deeds for Charlevoix county.    On the

3d of July, the bill in this case was filed.    On the 18th of July, 1905, Judge Shepherd, who was then sitting in the Charlevoix circuit court, entered an order nunc pro tunc as of the date of December 3, 1904, which was a re-affirmance of the order made by Judge Mayne December 3, 1904, appointing a receiver.    On the 5th of July, the receiver presented a petition to the court, Judge Shepherd presiding, asking for leave to sell the personal property of the Charlevoix Sugar Company, and on the same date an order was issued granting said petition.    No notice of the pendency of the petition nor of any proceedings there-under was given to complainant in this cause.    Upon learning thereof, the complainant immediately filed a petition in the case of Coulter v. Charlevoix Sugar Company, asking to have the order authorizing the sale of the personal property set aside, and alleging that it appeared specially for that purpose and no other.    Said petition came on to be heard on the 18th of July before Judge Shepherd, and an order was made affirming his order of July 5, 1905, authorizing the receiver to sell the personal property, but requiring him to set aside $500 from the proceeds of said sale as a special fund out of which to pay any decree which might be rendered in this suit against the defendants and in favor of the complainant.    Upon final hearing of the present case before Hon. Frank Shepherd as presiding judge, the bill of complaint was dismissed and a final decree entered in favor of the defendants.    From this decree, the complainant appeals.

It is alleged in the bill, and appears by the testimony, that the wife of Judge Mayne, who at the time he made the first order appointing a receiver was living, was a full sister of Flora E. Lewis, who was also living, and, at the time of making the order appointing the receiver, the owner, as administratrix, of 100 shares of the stock of the Charlevoix Sugar Company.    The evidence shows that Flora E. Lewis was administratrix of the estate of her deceased husband, Fremont E. Lewis, and that the sole issue of the marriage of Flora E. Lewis and her husband

was one child.   The contention of the complainant is that Judge Mayne, by reason of his relationship with Flora E. Lewis, a stockholder in the defendant company, was disqualified from acting as circuit judge, and that his order appointing a receiver was absolutely void.   It is further contended that the bill filed in Coulter v. Charlevoix Sugar Company on its face failed to show a case justifying the appointment of a receiver.   The bill prays that the order appointing a receiver be declared void, and that a satisfaction of the judgment be had out of the fund reserved by the order of the court, and that, if that be not sufficient, the additional amount of the decree be paid out of the hands of Mr. Marting.   It should be stated, in justice to Judge Mayne, that at the time of making the order appointing a receiver he had no knowledge of the fact that any stock of the defendant company stood in the name of Flora E. Lewis, or that she was in any way interested in the company, and upon learning the fact he declined to act in any proceeding against the company. Under section 1109, 1 Comp. Laws, no judge in any court can sit as such in any case in which he is a party or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties.   There can be no doubt that the relationship to a stockholder of a party is equally as disqualifying as a relationship to a natural party.   See *Martin* v. *Insurance Co.*, 139 Mich. 148.   Nor is there any doubt that the relationship existing between Judge Mayne and the sister of his wife is within the prohibited degree of affinity which would exclude Judge Mayne's sitting as a juror in a case in which Mrs. Lewis was concerned.   See *Horton* v. *Howard*, 79 Mich. 642; *Bliss* v. *Caille Brothers Co.*, 149 Mich. 601.   And where a judge does inadvertently sit in a case where he is thus disqualified, the order or decree made is void.   *Horton* v. *Howard*, supra.

It is contended, however, that inasmuch as it appears that Mrs. Lewis was a stockholder only in her representative capacity as administratrix, a different rule should

obtain.    There is force in the complainant's contention
that the mere addition to her name of the term "adminis-
tratrix" might be considered as merely descriptive of the
person.    But not resting our decision upon this, inasmuch
as it is made to appear that Mrs. Lewis was administra-
trix of her husband's estate, and as the record clearly in-
dicates that it was in that capacity that she held this
stock, it is also evident that, as there was but one child
surviving, she, as widow, would be entitled to own one-
half of all the personal property of the estate.    This would
make her an interested party.

It is contended that the nunc pro tunc order entered by
Judge Shepherd July 5, 1905, cured the jurisdictional de-
fect.    We think no such force can be given to the order.
The rights of the complainant had fully vested before
Judge Shepherd assumed to make the order affirming the
order of Judge Mayne appointing a receiver.    Before that
order was made, the present bill had been filed, and the
void order attacked.    The order was made without notice
to the complainant, and its rights could not thus be de-
feated.    *Whitwell & Hoover* v. *Emory,* 3 Mich. 84; *Es-
low* v. *Township of Albion,* 32 Mich. 193, cited and ap-
proved in *McDonald* v. *Board of Sup'rs of Alcona Co.,*
91 Mich. 459.

It is next contended that the complainant has waived
its right to attack the jurisdiction of the court in appoint-
ing a receiver.    The only ground, apparently, upon which
this contention rests, is that when the case at law of the
present complainant against the sugar company came on
for hearing at the December term, 1904, an objection was
raised that a receiver had been appointed for defendant
sugar company, and that the receiver should have been
made a party to the suit, and that the Davis Colliery
Company acquiesced in the view of the court that such
action should have been taken, and the case passed the
term.    The plaintiff in the case, however, subsequently
noticed the case for hearing in the regular way, and the
case was tried and judgment obtained.    We can discover

in this action nothing in the nature of an estoppel or waiver. It does not appear that the complainant was then aware of the relationship of Judge Mayne to Mrs. Lewis, and he simply acquiesced in an order made by the court and could not well have done anything else.

We think the complainant has shown itself entitled to the relief prayed, and should recover the amount of its judgment and costs out of the funds in the hands of the defendants.

The decree will be reversed, and a decree entered for complainant, with costs of both courts.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.