HARAY *v.* HARAY.

1. COURTS—NUNC PRO TUNC ENTRY DEFINED.

A *nunc pro tunc* entry is an entry made now of something which was actually previously done, to have effect as of the former date; its purpose being not to supply omitted action by the court but to supply an omission in the record of action really had, but omitted through inadvertence or mistake.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MORTGAGES—VENDOR AND PURCHASER—MORATORIUM RELIEF.

Effect of general order of court which extended moratorium relief for period of two years in all cases of land contract and mortgage foreclosures upon same terms as had theretofore applied, entered by court on its own motion on day before expiration of statute under which moratoria had been granted but pursuant to amendatory act thereof, is passed on appeal from so-called *nunc pro tunc* order in case which had not been discontinued (Act No. 98, Pub. Acts 1933, as amended by Act No. 3, Pub. Acts 1935).

3. MORTGAGES—MORATORIUM RELIEF—RENT.

Order continuing mortgage moratorium relief for two-year period, which failed to provide rental terms, *held,* incomplete and is remanded for completion in accordance with statute (Act No. 98, §§ 2, 3, Pub. Acts 1933, as amended).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 14, 1936. (Docket No. 55, Calendar No. 38,748.) Decided March 2, 1936.

Bill by Rosa Haray against John Haray and wife for relief under mortgage moratorium statute. From order extending moratorium to March 1, 1937, defendants appeal. Reversed and remanded.

*Burke & Burke* and *Edward F. Conlin,* for plaintiff.

*Jacob F. Fahrner,* for defendants.

Bushnell, J. Rosa Haray on February 7, 1934, was the owner of certain farm lands on which John and Elizabeth Haray held a mortgage. John was the former husband of Rosa and the premises had been awarded to her in a divorce decree. Being in need of funds, plaintiff afterwards mortgaged the premises to another, and this mortgage was sold to John Haray and his present wife, and shortly thereafter they commenced foreclosure by advertisement. Sale was had on March 10, 1933, and before the expiration of the period of redemption, a bill was filed for moratorium relief to which defendants filed an answer and cross-bill, none of which appear in the printed record. A decree was entered June 5, 1934, enjoining defendants from obtaining a writ of restitution, conditioned upon a rental payment by plaintiff of $20 per month in advance until March 1, 1935.

The record contains two stipulations between the parties, one dated June 20, 1934, in the nature of a temporary settlement with provisions for the dissolution of the injunction granted plaintiff and the issuance of one to defendants. This stipulation provides for an adjournment and continuance of the cause to March 11, 1935. The other stipulation dated June 30, 1934, provides for the cancellation of the decree entered June 5th and the withdrawal of defendants' claim of appeal. The calendar shows that both stipulations were filed June 20th and an appropriate order entered upon each of them.

February 28, 1935, the court, upon its own motion, entered the following order:

"In all cases where moratoriums have been applied for either in a case of land contract or mortgages on real estate, the court being informed that a new act or new acts relating to the same extending the moratorium period until March 1, 1937, having been passed by the legislature and signed by the

governor taking immediate effect (Act No. 3, Pub. Acts 1935), the time is hereby further extended under said acts in each and every case until March 1, 1937, with same provisions as heretofore have applied as to payment of fair rental value during such extension of time."

May 9, 1935, plaintiff filed a petition for leave to file an amended bill of complaint which, although opposed, was granted; the amended bill was filed June 7th, attached to which was an affidavit showing that the bill was sworn to on June 4, 1934. Plaintiff's petition dated May 15, 1935, was then filed on June 17th seeking what is described as an order *nunc pro tunc* as of February 28, 1935. The petition avers:

"1st. That this court did heretofore on the 7th day of February, 1934, issue an injunction restraining the defendants from obtaining a writ of restitution for the premises mentioned in the bill of complaint, until March 1, 1935, or until further order of the court.

"2d. That this injunction was executed in accordance with the provisions of Act No. 98, Pub. Acts 1933. That said public act of 1933 was amended on the 27th day of February, 1935, to allow the courts of this State to continue the benefits of said order until March 1, 1937.*

"3d. That the circuit court for the county of Washtenaw, mindful of the fact that only one day would elapse before the injunction heretofore issued would expire, entered an order extending all orders allowing moratoriums until March 1, 1937, on the same terms and conditions: that said order was entered on the 28th day of February, 1935, on page 598 of the circuit court journal for the county of Washtenaw.

* Act No. 3, Pub. Acts 1935, amending Act No. 98, Pub. Acts 1933, became effective February 26, 1935.—REPORTER.

"4th. That the order so made was entered but was not entitled in this cause.

"5th. That your petitioner relied upon said order and still relies upon said order and that said order was actually made and entered but was not entitled in this cause.

"Therefore, your petitioner prays that an order may be entered by the clerk *nunc pro tunc* as of February 28, 1935, pursuant to the terms of the general order then entered."

The foregoing petition was answered the same day and heard the next month and we gather from the court's remarks that an entry of an order of some sort was approved.

October 5th, defendants filed objections to the entry of "any order *nunc pro tunc* extending the time of redemption * * * to March 1, 1937," giving reasons therefor; however, one entitled "Order *nunc pro tunc*" was entered that day, from which we quote:

"The above cause came on to be heard upon a motion for an order extending the terms of an injunction in the above entitled cause until March 1, 1937, *nunc pro tunc,* as of February 28, 1935, and the court, after listening to the arguments of counsel and examining the files and records in the said cause, does hereby find:

"1st. That a valid order was entered in the said cause prior to March 1, 1935, restraining the defendants from taking any action to dispossess the plaintiff or to obtain the issuance of a writ of restitution until March 1, 1935, or until further order of the court.

"2d. That on February 28, 1935, this court made a general order extending the orders theretofore entered, in all moratorium cases, until March 1, 1937.

"3d. That this court did intend that said order should apply to the above entitled cause and should

have the effect of continuing the above mentioned restraining order in the above entitled cause until March 1, 1937.

"4th.   That the said restraining order was made and did extend said order until March 1, 1937, and that the same was not entitled in this cause but that the failure to so entitle said order should be cured by the entry of the order prayed for.

"5th.   That the said cause is now the issue and should be heard forthwith.

"6th.   That an order be entered restraining the issuance of a writ of restitution in the above entitled cause until March 1, 1937, and enjoining the defendants from taking any action to dispossess the plaintiff until that time and that said order should be dated February 28, 1935, in accordance with the action actually taken on that date.

"Therefore it is ordered by the court now here that the said cause be and the same is hereby continued to March 1, 1937, and it is further ordered that the injunction heretofore issued in said cause on behalf of said plaintiff and against said defendants be and the same is hereby continued in full force and effect to March 1, 1937, and the said defendants are hereby restrained from dispossessing the said plaintiff or obtaining any writ of restitution in said cause until March 1, 1937, this order being made as of February 28, 1935."

Defendants' appeal questions the court's authority to enter this order and argues that the cause was legally dead on March 1, 1935.

"What is a *nunc pro tunc* order?   The answer is found at p. 460 in the case of *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455.   It is 'entry made now of something which was actually previously done, to have effect as of the former date.' "   *Kern* v. *Washtenaw Circuit Judge,* 233 Mich. 140.

It must necessarily follow that if an order was made in this cause by the trial court on February

28th, but not entered, it could have been entered on October 5th, as of the time it was made, but if no order was made on February 28th, one could not be made later and entered as of the previous date. As said in *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455:

"The order asked is not of action now taken to be dated back, but to perfect of record action heretofore judicially had. * * *

" 'A *nunc pro tunc* entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake. * * *

" 'There is a clear distinction between the making of an order and its entry.' "

See, also, *Eslow* v. *Albion Township,* 32 Mich. 193, and *Davis Colliery Co.* v. *Charlevoix Sugar Co.,* 155 Mich. 228.

We have discussed the circumstances at length in order that our disposition of the matter may be entirely clear.

The real difficulty arises from the label given by counsel and court to the last petition and order. The phrase *"nunc pro tunc"* is unintentionally misleading and there is no necessity to consider either the challenged legality or effect of the court's so-called "general order" of February 28th. The fog which surrounds the matter can be lifted by a clear understanding of the situation. On October 5, 1935, when the so-called *"nunc pro tunc"* order was entered, plaintiff's original petition for a moratorium was still pending. It had been continued to March 11, 1935, by an order entered on June 20, 1934. The cause had not yet been discontinued, but on the contrary had been expressly continued by written stipulation. The amended bill of complaint and its answer effected no particular change in the status of

the cause except to suggest an inquiry by the court into the terms and conditions of a further continuance within statutory limits. The court in the exercise of its discretion arrived at the conclusion that the cause should be continued to March 1, 1937. However, the order of continuance is silent with respect to "fair rental terms," etc. While "the office of a *nunc pro tunc* order is 'to speak what has been done, not to create' (*Cox* v. *Gress,* 51 Ark. 224 [11 S. W. 416]); or to supply an omission in the record of action really had but omitted through inadvertence or mistake (*Perkins* v. *Hayward,* 132 Ind. 95 [131 N. E. 670]); *or to enter an order which should have been made as a matter of course and as a legal duty* (15 Enc. Pleading & Practice, p. 344)," *City of Grand Rapids* v. *Coit,* 151 Mich. 109, yet, the one appealed from is not strictly speaking a *nunc pro tunc* order. Although its label is somewhat misleading, it is nevertheless a moratorium order made in a pending cause but incomplete in its terms.

Our views on the question of moratorium orders have been expressed so recently that neither citations nor quotations seem necessary. The order appealed from is vacated; the cause is remanded for the taking of testimony, if necessary, and the entry of a proper order complete in its terms as required by Act No. 98, §§ 2, 3, Pub. Acts 1933, as amended. Costs to appellants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.