SLEBOEDE v. SLEBOEDE

DIVORCE—PROPERTY SETTLEMENT—INSURANCE POLICY—NUNC PRO
TUNC ORDER.

> Amendment of judgment of divorce *nunc pro tunc* after the
> death of defendant husband to provide that plaintiff wife
> should be the irrevocable beneficiary of a life insurance policy
> on the life of the husband of which she was the designated
> beneficiary before the divorce *held* proper where there was in
> evidence an affidavit by defendant's lawyer in the divorce
> action stating that it was defendant's intention at the time
> the divorce was granted that plaintiff should be the beneficiary
> of the policy, and also a letter from the husband written after
> the judgment of divorce was granted stating that the wife
> would remain beneficiary of the policy, since the amendment
> *nunc pro tunc* merely formalized the original intent of the
> parties.

Appeal from Wayne, Carl M. Weideman, J. Sub-
mitted Division 1 January 9, 1969, at Detroit. (Dock-
et No. 5,046.) Decided February 26, 1969. Rehear-
ing denied April 2, 1969. Leave to appeal granted
October 15, 1969. See 382 Mich 786.

Complaint by Erika Sleboede against Guenter
Sleboede for divorce. Default judgment of divorce
granted. Plaintiff moved to amend divorce judg-
ment *nunc pro tunc*. Motion granted. Joseph E.

---

REFERENCE FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation § 423.

Mihelich, administrator of the estate of Guenter Sleboede, now deceased, appeals.    Affirmed.

*George Menendez* and *August, Frimet, Goren & Murphy,* for plaintiff.

*Goldsmith & Rosen,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM.    On March 13, 1964, a default judgment of divorce was granted to the plaintiff.    No provision was made regarding an insurance policy then in existence on the life of the defendant, Guenter Sleboede.    Subsequently, on March 19, 1964, an amended judgment was entered which merely added the following:

*"Alimony*
"It is further ordered and adjudged that defendant shall not pay alimony to plaintiff."

In neither the default judgment nor the amended judgment, above referred to, were any provisions or mention made of the insurance policy in the amount of $31,500 with the plaintiff as designated beneficiary.

Defendant was killed in an automobile accident on September 25, 1965, and the administrator of his estate now appears in his place.

On March 13, 1967, plaintiff caused to be filed a motion for entry of an order *nunc pro tunc* to amend the judgment of divorce in which the court was requested to provide that the plaintiff be named an irrevocable beneficiary.

In January, 1968, an amended default judgment of divorce was entered *nunc pro tunc* which contained the following provision:

"*Property Settlement*

"It is further ordered and adjudged that the defendant shall maintain and keep in full force and effect a certain life insurance policy with Home Life Insurance Company, the same being Policy No. P764,512, in the face amount of $31,500, and that the defendant shall maintain the plaintiff, Erika E. Sleboede, as irrevocable beneficiary under said policy, and the said plaintiff is hereby and herewith given an irrevocable interest as beneficiary in said policy.

"It is further ordered that the clerk of this court shall forthwith file this order *nunc pro tunc* as of March 19th, 1964, and this provision pertaining to insurance shall be deemed in full force and effect as and from March 19th, 1964. In all other respects, the judgment of divorce herein, as amended, shall remain in full force and effect."

On appeal defendant contends that the trial court was without authority to amend the property settlement provision in a divorce settlement *nunc pro tunc*. Defendant contends that the amendment constituted a complete and substantial change of the property settlement provision of the judgment.

Attached to the plaintiff's motion to amend the judgment of divorce and for entry of a *nunc pro tunc* order was a letter allegedly written by the defendant to the plaintiff one week before his death, which stated, *inter alia:*

"As to our financial settlement, I'll stick to what I promised when you left. I'm leaving my 1st life insurance policy in your and my name. Should I ever die before collecting, you'll receive the $32,000.
\* \* \*

"Should I die—the name of the life insurance company is Home Life Ins. policy # P764,512."

Additionally, attached to the motion was an affidavit executed by the attorney who represented the defendant in the divorce proceedings, which provides as follows:

"H. Rollin Allen, being duly sworn, deposes and says as follows:

"1. That he represented Guenter Sleboede in the case of Erika Sleboede, being an action in the circuit court for the county of Wayne, No. 11065.

"2. That on March 19, 1964, he prepared an amended default judgment of divorce.

"3. That Guenter Sleboede wanted to provide, and believed he did provide for Erika Sleboede by maintaining a policy of insurance with Home Life Insurance Company, being policy No. P764512, in the amount of $31,500.

"4. That no provision was made in the amended default judgment of divorce because of the desire of Guenter Sleboede to provide for his wife voluntarily and without court direction contained in a judgment.

"5. That on the contrary it was the intention of Guenter Sleboede to provide Erika Sleboede with the policy of insurance and to make her the beneficiary thereunder.

"6. That no provisions were made regarding property in said judgment of divorce because Guenter Sleboede desired to provide for Erika Sleboede voluntarily, on a good faith basis, and the parties agreed to delete any reference to property settlement in the judgment.

/s/ H. Rollin Allen"

Paragraph 5 of plaintiff's motion provided:

"That as further evidence of the wishes of the parties, attached hereto is a letter written by the

defendant, Guenter Sleboede, to the plaintiff, evidencing his affirmative designation as her (*sic*) beneficiary."

The decedent's representative replied to paragraph 5 as follows.

"As to Paragraph 5, Joseph E. Mihelich, as administrator for the deceased defendant denies the same."

The defense alleges that the motion to amend is barred by laches, and that any testimony offered by the plaintiff is inadmissible and in violation of CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160)* which provides:

"When an action or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, *the opposite party,* if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true must have been equally within the knowledge of such deceased person." (Emphasis supplied.)

From our examination of the record in the instant case there was sufficient evidence to support the trial court's determination that a pre-divorce property settlement existed. It does not appear from the pleadings that the authenticity of the letter was ever challenged and the trial court properly considered this letter in arriving at his decision.

As to the affidavit of the defendant's original counsel, we do not find that it is a violation (as alleged by the defense) of the attorney-client privilege. It would appear that the affiant was merely

---

* Since repealed by PA 1967, No 263, effective November 2, 1967. For current provision see MCLA § 600.2166 (Stat Ann 1969 Cum Supp § 27A.2166).

attempting to carry out the dictates of his original client when he signed the pertinent affidavit.

We, therefore, find that there was sufficient evidence presented to support the trial judge's ruling that a pre-divorce property settlement existed and further we have determined that the court had the authority to amend the judgment of divorce *nunc pro tunc.*

Affirmed.   Costs to appellee.