SLEBOEDE *v.* SLEBOEDE

1. COURTS—NUNC PRO TUNC ORDER—FUNCTION—OMISSION IN RECORD.

> The function of an order *nunc pro tunc* is to supply an omission in the record of action previously taken by a court but not properly recorded; an order *nunc pro tunc* may not be utilized to supply previously omitted action.

2. DIVORCE—JUDGMENT—PROPERTY SETTLEMENT—INSURANCE—NUNC PRO TUNC ORDER.

> *Nunc pro tunc* order, incorporating into a divorce judgment insurance provisions of a parol property settlement between the parties to the divorce judgment, which were not included in the divorce judgment entered three years previously, was erroneously entered as the motion for the *nunc pro tunc* order clearly sought new action by the court, not merely belated inclusion in the judgment of prior action.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and T. M. Burns, JJ., af-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 58.
[2] 46 Am Jur 2d, Judgments § 195.

firming Wayne, Carl M. Weideman. Submitted January 8, 1971. (No. 14 January Term 1971, Docket No. 52,449.) Decided April 5, 1971.

16 Mich App 202 reversed.

Complaint by Erika Sleboede against Guenter Sleboede for divorce. Default judgment of divorce granted. Plaintiff moved to amend divorce judgment *nunc pro tunc*. Motion granted. Joseph E. Mihelich, administrator of the estate of Guenter Sleboede, deceased, appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed.

*George Menendez* and *August, Frimet, Goren & Murphy*, for plaintiff.

*Goldsmith & Rosen*, for defendant.

T. M. KAVANAGH, C. J. On March 13, 1964, Erika Sleboede, plaintiff-appellee, was granted a default[1] judgment of divorce from Guenter Sleboede, defendant-appellant, in Wayne Circuit Court. Plaintiff had not requested judicial distribution of property; her complaint prayed only for dissolution of the marriage, payment of attorney's fees, and such other relief "as shall be agreeable to equity and good conscience." She testified that she had quitclaimed her interest in a house to Guenter and that all other property interests had been distributed in accordance with the wishes of both parties.

---

[1] Although Guenter Sleboede originally filed an answer to Erika's complaint, his pleadings were later withdrawn pursuant to stipulation in order that Erika might "proceed in the same manner as if default had been taken." Nevertheless Guenter Sleboede's attorney, H. Rollin Allen, was present in court at the taking of the divorce, approved the original divorce judgment order "as to form and substance," and prepared the amended divorce judgment. See footnote 2, *infra*.

The judgment[2] omitted reference to any property settlement other than the usual one dollar "in lieu of" plaintiff's dower rights and

"in full satisfaction of all claims that she may have in any property which the defendant owns or may hereafter own or in which he has or may hereafter have any interest."

Throughout the judicial proceedings no mention was made of a $31,500 insurance policy then in effect which Guenter had purchased on his life naming Erika as beneficiary. The judgment contained no provision regarding insurance. Guenter died in an automobile accident in September 1965, having kept the $31,500 insurance policy in force and not having changed the beneficiary designation. The insurer paid the proceeds to the administrator of Guenter's estate.[3]

On March 13, 1967, Erika Sleboede moved for entry of an order *nunc pro tunc* amending the divorce judgment so as to require Guenter to maintain the life insurance policy and to continue Erika as beneficiary thereunder. Attached to the motion was an affidavit executed by Guenter's divorce attorney which stated that Guenter intended that Erika remain the beneficiary of the policy and that no provision regarding the policy or other property had been made in the divorce judgment "because of the desire of Guenter Sleboede to provide for his wife voluntarily and *without court direction* contained in a judgment." (Emphasis added.) Also attached to the motion was a handwritten letter[4] allegedly writ-

---

2 The judgment entered on March 13, 1964, contained no reference to alimony. On March 19, 1964, a "no alimony" provision was added without objection.

3 See MCLA § 552.101 (Stat Ann 1957 Rev § 25.131).

4 This "letter" is a composite—three post cards, a greeting card, and two pages of stationery, all mailed in one envelope.

ten by Guenter to Erika shortly before his death which stated, in pertinent part:

"As to you—you will not have anything in your hands to prove that I owe you money—and it will stay that way. —to prove that my word to you is as good as gold. —I'll never disappoint you in that respect.

\*    \*    \*

"As to our financial settlement, I'll stick to what I promised when you left. I'm leaving my 1st life insurance policy in your and my name. Should I ever die before collecting, you'll receive the $32,000."

The letter clearly identified the policy by insurer and number. Guenter's estate contested the motion.

On January 12, 1968, the trial court entered an order *nunc pro tunc* amending the 1964 divorce judgment so as to require maintenance of the policy by Guenter Sleboede and irrevocable designation of Erika Sleboede as beneficiary. The Court of Appeals affirmed *per curiam* (16 Mich App 202), holding that the trial judge's determination that a pre-divorce property settlement existed was supported by adequate competent evidence, and that the court had authority to amend the divorce judgment *nunc pro tunc*. Following denial of defendant-appellant's motion for rehearing we granted leave to appeal. 382 Mich 786.

Although the parties have raised several issues our answer to the following controls this case:[5]

May provisions of a parol property settlement between the parties to a divorce judgment be subsequently incorporated into the judgment of divorce by means of an order *nunc pro tunc?*

The lower courts misconstrued the purpose of an order *nunc pro tunc*. The function of such an order

---

[5] But see footnote 8, *infra*.

is to supply an *omission in the record* of action previously taken by the court but not properly recorded; an order *nunc pro tunc* may not be utilized to supply previously *omitted action*.[6]  *Magoun* v. *Walker* (1938), 286 Mich 686; *Mallory* v. *Ward Baking Co.* (1935), 270 Mich 91; *Haray* v. *Haray* (1936), 274 Mich 568.

"Briefly stated, the purpose of a *nunc pro tunc* order is not to change or alter an order or judgment actually made.  In other words its function is not to make an order now for then, but to enter now for then an order previously made. *Mathey* v. *Mathey* (1953), 175 Kan 446, 451 (264 P2d 1058, 1062).

In this case, the omission of reference to the insurance policy in the original divorce judgment was no mere clerical error or mistake.  The parties did not want the policy brought into the divorce action settlement provisions.  Although the court was aware that a pre-divorce parol property settlement had been agreed upon, the particulars of that settlement were—at the instance of both parties—not brought before the court in 1964; and they were not included in the 1964 judgment.  Thus plaintiff-appellee's 1967 motion clearly sought new action by the court, not mere belated inclusion in the judgment of prior action.[7]  We therefore hold that the *nunc pro tunc* order, incorporating into the divorce judgment

---

[6] "The entry of a *nunc pro tunc* order does not involve the equity jurisdiction of the court.  The Latin phrase is merely descriptive of the inherent power of the court to make its records speak the truth—to record that which was actually done, but omitted to be recorded.  It is no warrant for the entry of an order to record that which was omitted to be done." *W. F. Sebel Co., Inc.* v. *Hessee* (CA 10, 1954), 214 F2d 459, 462.

[7] We note also, as argued by defendant-appellant, that a divorce property settlement, as opposed to alimony and child support, is seldom subject to revision "except on the ground of fraud, or for like reasons." *Ratcliffe* v. *Ratcliffe* (1944), 308 Mich 488, 494.  See also, *Roddy* v. *Roddy* (1955), 342 Mich 66; *Keeney* v. *Keeney* (1965), 374 Mich 660.

insurance provisions of a parol property settlement between the parties to the divorce judgment, was erroneously entered.[8]

Reversed. Defendant-appellant shall have costs.

BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

---

[8] Lest this opinion be too broadly interpreted, we would emphasize that it is not herein decided that Erika Sleboede is not entitled to the insurance proceeds.