# STATE OF MICHIGAN

# COURT OF APPEALS

DELIAH SARAFA,

      Plaintiff-Appellee,

v

SHIRI LEVY, M.D., GARY TALPOS, M.D.,
MOZEN HARAKE, M.D., and HENRY FORD
HEALTH SYSTEM, doing business as HENRY
FORD HOSPITAL,

      Defendants-Appellants.

UNPUBLISHED
August 2, 2016

No. 324636
Wayne Circuit Court
LC No. 13-013340-NH

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendants appeal by leave granted[1] an order denying defendants' motion for summary disposition under MCR 2.116(C)(7) in this medical malpractice action and declining to set aside an April 10, 2014 order extending the life of plaintiff's summons. We reverse.

This Court reviews "a trial court's grant or denial of summary disposition de novo." *Diehl v Danuloff*, 242 Mich App 120, 122; 618 NW2d 83 (2000). "The court must consider any pleadings, affidavits, depositions, admissions, or other documentary evidence that has been submitted by the parties." *Id*. at 123. "If there are no facts in dispute, whether the claim is statutorily barred . . . is a question of law." *Id*.

This case arises from defendants' alleged negligence in their medical treatment of plaintiff. The parties agree that plaintiff's cause of action accrued on May 2, 2011, when plaintiff underwent surgery to remove her thyroid. Plaintiff alleges that during this surgery defendants' negligently "transected a branch of the recurrent laryngeal nerve" resulting in plaintiff's bilateral vocal cord paralysis.

---

[1] *Sarafa v Levy*, unpublished order of the Court of Appeals, entered January 16, 2015 (Docket No. 324636).

-1-

The statute of limitations for a medical malpractice claim is two years. MCL 600.5805(6). Therefore, had plaintiff taken no action on this case on or prior to May 2, 2011, plaintiff's claim would be time-barred as of May 3, 2013. However, on April 11, 2013, 21 days prior to the expiration of the statute of limitations, plaintiff filed a notice of intent to file a claim on defendants. Under MCL 600.2912b(1), a medical malpractice plaintiff is required to give a potential defendant notice of the claim at least 182 days prior to commencement of the claim. MCL 600.5856(c) permits tolling of the two year statute of limitations during that 182-day notice period. Accordingly, upon filing the notice of intent on April 11, 2013, 182 days were added to the statute of limitations period for plaintiff's claim. Absent proper action by plaintiff, her claim would therefore expire after 203 days, on October 31, 2013.

On the same day that plaintiff filed her complaint, October 15, 2013, a summons was issued. "A summons expires 91 days after the date the complaint is filed." MCR 2.102(D). Accordingly, plaintiff's summons was set to expire on January 14, 2014. As of January 2, 2014, plaintiff had yet to serve the summons upon defendants and filed an emergency ex parte motion to extend the life of the summons, noting that, due to clerical error, service of process on defendants would be difficult before the summons expired on January 14, 2014. The court has discretion, under MCR 2.102(D), to extend the life of the summons "for a definite period not exceeding 1 year from the date the complaint is filed" after which the summons expires. In this case, the court properly granted plaintiff's motion to extend the life of the summons, awarding plaintiff an additional 60 days to serve the summons upon defendants.

The summons was therefore set to expire on March 17, 2014.[2] If a summons is not served upon the defendant before expiration, "the action is deemed dismissed without prejudice . . . unless the defendant has submitted to the court's jurisdiction." MCR 2.102(E). March 17, 2014, passed without plaintiff's service upon defendants and plaintiff's claim was dismissed without prejudice on March 21, 2014. On April 8, 2014, plaintiff filed an emergency ex parte motion for a *nunc pro tunc* order extending the life of the summons for 120 days beyond the original expiration date and reinstating her action against defendants. The court granted plaintiff's motion on April 10, 2014, and defendants were served with the summons on April 23, 2014. Defendants subsequently moved to set aside that order and dismiss plaintiff's claim as being time-barred by the statute of limitations. The trial court's denial of defendant's motion forms the basis for this appeal.

In order to determine whether the trial court properly denied defendant's motion, this court must determine whether the trial court's *nunc pro tunc* order granting a 120 day extension of the life of the summons was a valid exercise of the court's authority. We conclude that the trial court's *nunc pro tunc* order was invalid and that defendants were entitled to summary disposition as a matter of law.

---

[2] As March 15, 2014, the date the summons would have expired under the extension, was a Saturday, the court presumably extended the summons until March 17, 2014, the next business day.

"The function of [a *nunc pro tunc*] order is to supply an *omission in the record* of action previously taken by the court but not properly recorded; an order *nunc pro tunc* may not be utilized to supply previously *omitted action.*" *Sleboede v Sleboede*, 384 Mich 555, 558-559; 184 NW2d 923 (1971) (emphasis in original). In other words, "the purpose of a *nunc pro tunc* order is not to change or alter an order or judgment actually made." *Id.* at 559. "[I]ts function is not to make an order now for then, but to enter now for then an order previously made." *Id.* Therefore, "An entry nunc pro tunc is proper to supply an omission in the record of action really had, but omitted through inadvertence or mistake." *Workers' Compensation Agency Director v MacDonald's Indus Products, Inc*, 305 Mich App 460, 473 n 32; 853 NW2d 467 (2014) (citation and quotation marks omitted).

The trial court's *nunc pro tunc* order was not supplying an "*omission in the record* of action previously taken by the court but not properly recorded." *Sleboede*, 384 Mich at 558-559. The record is quite clear that, on January 14, 2014, the trial court granted plaintiff a 60 day extension. Plaintiff did not request a 120-day extension at that time and there is no record evidence that the trial court was attempting to grant a 120-day extension. The trial court clearly decreed that the summons would expire on March 17, 2014, and a 120-day extension was not even requested until April 8, 2014, after plaintiff's extended 60-day extension had expired. Accordingly, we cannot reasonably find that the trial court, in granting the *nunc pro tunc* order, was merely correcting the record to reflect action that had previously been taken or was intended to be taken. Therefore, we conclude that the trial court's order was invalid under the *nunc pro tunc* doctrine.

Plaintiff argues alternatively that the trial court's order was proper under MCR 2.108(E). Under MCR 2.108(E):

> A court may, with notice to the other parties who have appeared, extend the time for serving and filing a pleading or motion or the doing of another act, *if the request is made before the expiration of the period originally prescribed.* After the expiration of the original period, the court may, on motion, permit a party to act if the failure to act was the result of excusable neglect. *However, if a rule governing a particular act limits the authority to extend the time, those limitations must be observed.* [emphasis added.]

In this case, plaintiff's request for a 120-day extension of the life of the summons was made on April 8, 2014. Since the summons expired on March 17, 2014, the request was not made "before the expiration of the period originally prescribed." *Id.* Plaintiff acknowledges that the request was not made before the 60-day extension period expired, yet claims that the trial court's order was proper because the failure to serve the summons was "the result of excusable neglect." *Id.* Plaintiff explains that the failure to serve the summons within the extended time period was brought about by a "clerical error" and "oversight" of the legal assistant to plaintiff's counsel. We make no determination as to whether this neglect was excusable and, even if we were to find this neglect excusable, the trial court's authority to extend the time for serving the summons was limited by another rule.

Under MCL 600.5856(a), the statute of limitations is tolled "[a]t the time the complaint is filed, *if* a copy of the summons and complaint are served on the defendant *within the time set*

*forth in the Supreme Court rules*." (emphasis added). Since we conclude that the trial court's order was not proper under the *nunc pro tunc* doctrine and plaintiff did not serve the summons on the defendant within the 60 day extension, the statute of limitations was not tolled at the time plaintiff filed the complaint. Accordingly, the statute of limitations on plaintiff's claim ran on October 31, 2013, and plaintiff's claim became time-barred as of the expiration of the summons on March 17, 2014.[3] Thus, by the time plaintiff sought the extension, her claim was already time-barred by the statute of limitations. MCR 2.108(E) mandates that the court observe that limitation and, therefore, we conclude that the trial court's order was not proper under MCR 2.108(E).

Plaintiff's final argument is that the trial court's order was proper under MCL 600.2301. Under MCL 600.2301:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Plaintiff argues that the trial court did not abuse the discretion conferred by MCL 600.2301 in extending the summons so that the case could be decided on its merits. However, even if justice would be furthered by allowing this case to proceed to trial, the trial court's power to amend under MCL 600.2301 only extends to actions pending before the court. Since plaintiff's claim was already time-barred by the statute of limitations before plaintiff requested the 120-day extension, plaintiff's action was not pending at the time of the court's order. See *Tyra v Organ Procurement Agency of Michigan*, 498 Mich 68, 90-94; 869 NW2d 213 (2015) (holding an action "cannot be pending if it was time barred"). As the action was not pending before the court at the time of plaintiff's request, MCL 600.2301 does not grant the trial court authority to amend the order. Accordingly, we conclude that plaintiff's final argument is unsuccessful and that the trial court's order was invalid.

As stated above, because we conclude that the trial court's *nunc pro tunc* order was

---

[3] Even if the statute of limitations had been tolled at the time plaintiff filed the complaint, this tolling would have ended upon the expiration of the summons on March 17, 2014. Only 16 days remained on the statute of limitations at the time plaintiff filed the complaint; accordingly, even had the statute of limitations been tolled during the life of the summons, plaintiff's complaint would become time-barred on April 6, 2014, two days before plaintiff motion for the 120 day extension.

invalid, plaintiff's claim became time-barred on October 31, 2013. Accordingly, the trial court erred in denying defendant's motion for summary disposition. MCR 2.116(C)(7). Defendants, being the prevailing parties, may tax costs. MCR 7.219(A).

Reversed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens