*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MANITOU WATERS ASSOCIATION,

        Plaintiff/Counterdefendant-Appellee,

v

JEFFREY A. GANDEE and TINA GANDEE,

        Defendants/Counterplaintiffs,

and

JON GANDEE, NANCY GANDEE, WILLIAM FARRAND, and AURORE FARRAND, also known as AURORE MCFARRAND,

        Defendants,

and

CRAIG PHILLIPS and TAMARA CADOO, also known as TAMARA PHILLIPS,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
April 27, 2026
1:44 PM

No. 370340
Hillsdale Circuit Court
LC No. 2020-000708-CH

---

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

PER CURIAM.

Defendants/counterplaintiffs-appellants, Craig Phillips and Tamara Cadoo, also known as Tamara Phillips (defendants), appeal as of right the trial court's March 13, 2024 *nunc pro tunc* order, which supplied certain terms for the court's earlier April 18, 2022 ruling that the court had previously explained on the record but that were not explicitly included in the April 2022 order. We dismiss this appeal for lack of jurisdiction.

-1-

# I. BACKGROUND

Plaintiff/counterdefendant-appellee, Manitou Waters Association (plaintiff), is a homeowners' association, and pursuant to an agreement recorded with the Hillsdale County Register, all of plaintiff's members "may traverse the common grounds shown on the survey of Manitou Waters," and "[n]o parcel owner shall block or in anywise make it more difficult for association members or their guests to use the common grounds." Defendants own property subject to this recorded agreement. On defendants' property is a dike and hiking trail that are classified as common grounds.

Plaintiff brought this action after defendants interfered with plaintiff's members' use of the common grounds on defendants' property. The action sought quiet title to the members' easements over the common grounds on defendants' property; a declaratory judgment confirming that plaintiff was a valid association and affirming the terms and effect of the recorded agreement; and, as particularly relevant to this appeal, injunctive relief enjoining defendants from further violating the recorded agreement or plaintiff's bylaws. Defendants brought a variety of counterclaims in response.

Plaintiff filed a motion for summary disposition asking the trial court to grant all of the relief requested in plaintiff's complaint and deny defendants' counterclaims. With respect to plaintiff's request for injunctive relief, the motion asked the court to:

> Enter judgment for [plaintiff] enjoining Defendants, Jeffrey A. Gandee, Rina Gandee, Craig Phillips and Tamara Cadoo from violating the terms of the Manitou Waters Agreement or the Bylaws of the Manitou Waters Association, or from interfering with the lawful use of the various trails, parks or private roads by members of the Manitou Waters Association or their guests.

At a February 11, 2022 hearing, the trial court granted plaintiff's motion for summary disposition in full and dismissed defendants' counterclaims. With respect to plaintiff's request for injunctive relief, the court stated, "There is also a request by the Plaintiff for injunctive relief seeking that no further action may be taken by the Defendants on this property having to do with the dikes or preventing access, and I will grant that as well."

Plaintiff submitted a proposed order to effectuate the trial court's ruling, but defendants objected, claiming that the order was not consistent with the court's rulings. Defendants asserted in relevant part:

> G. That the Court order should reflect only what the Court actually ordered on the record which is as follows:
>
> * * *
>
> **6. Plaintiff's request for injunctive relief is granted.**
>
> i. "There is also a request by the Plaintiff for injunctive relief seeking that no further action may be taken by the Defendants on this property having to do with the dikes or preventing access, and I will grant that as well."

At an April 18, 2022 hearing on the matter, the trial court refused to sign plaintiff's proposed order because the court believed that the order included more than what the court stated on the record, and the court was "not comfortable signing that." Defendants asked the court to enter their proposed order which let the record "speak for itself," and the court agreed to sign an order submitted by defendants that, according to the court, would "reflect[]" the court's rulings and "leave[] to the transcript anything else that would need to be found."

The order that the court signed provided in relevant part as follows:

**IT IS FURTHER ORDERED** that for the reasons stated on the record, Plaintiff/Counter[d]efendants' Motion for Summary Disposition is granted and Defendants/Cross-Plaintiffs' [sic] Counter-Claims are dismissed.

Following this April 18, 2022 order, this litigation sat dormant until January 18, 2024, when plaintiff moved to show cause defendants for interfering with plaintiff's members' use of the common grounds in violation of the trial court's injunction. Defendants responded that the April 18, 2022 order did not enjoin them because the trial court only granted plaintiff injunctive relief on the record, not in the language of the order itself. The court agreed that its earlier verbal order needed to be memorialized, and on March 13, 2024, it entered a *nunc pro tunc* order that included the language for the injunction that the court's previous order omitted. The March 2024 order merely incorporated what the trial court had stated on the record at the February 11, 2022 hearing, so, with respect to plaintiff's request for injunctive relief, the order stated:

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:

Plaintiff's request for injunctive relief is granted that no further action may be taken by Defendants on this property having to do with the dikes or preventing access.

Defendants moved for relief from the *nunc pro tunc* order, but the trial court denied defendants' motion following a hearing. Defendants now appeal the *nunc pro tunc* order as of right, and the trial court stayed the contempt proceedings against defendants while this appeal is pending.

## II. JURISDICTION

Before we consider the merits of defendants' arguments, we must determine if we have jurisdiction over this claim of appeal. "The question of jurisdiction is always within the scope of this Court's review," and it is incumbent upon this Court to address it, even if the parties themselves "do not dispute jurisdiction." *Walsh v Taylor*, 263 Mich App 618, 621-622; 689 NW2d 506 (2004).

Plaintiff previously moved to dismiss this appeal for lack of jurisdiction, arguing that defendants' appeal was untimely because the March 13, 2024 order that defendants appealed related back to the April 18, 2022 order, so the time for filing this appeal, according to plaintiff,

ran from the April 18, 2022. If plaintiff was correct, then defendants' claim of appeal filed in April 2024 was untimely under MCR 7.204(A). This Court rejected plaintiff's argument in an order.[1]

We are not concerned about the timeliness of defendants' appeal, however. Defendants filed this appeal as an appeal as of right. MCR 7.203(A)(1) provides that this Court has "jurisdiction of an appeal as of right filed by an aggrieved party from" a final order as defined in MCR 7.202(6). Defendants claim that the March 13, 2024 *nunc pro tunc* order constitutes a final order under MCR 7.202(6)(a)(i). That subrule states that a "final order" includes "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i).

The March 13, 2024 *nunc pro tunc* order was clearly not the first order that disposed of all claims and adjudicated the rights and liabilities of all the parties—that was the April 18, 2022 order. That order resolved all of plaintiff's claims against defendants, all of defendants' counterclaims against plaintiff, and adjudicated all the rights and liabilities of both parties.

The *nunc pro tunc* order, in contrast, disposed of no claims and did not adjudicate any rights or liabilities. The "function" of a *nunc pro tunc* order is to cure a previous order that omitted action taken by the court but not reflected in the prior order. *Sleboede v Sleboede*, 384 Mich 555, 558-559; 184 NW2d 923 (1971). A *nunc pro tunc* order cannot "change or alter" the previous order, nor can it be used to "supply" action not previously taken by the court. *Id*. at 559 (quotation marks and citation omitted). The March 2024 *nunc pro tunc* order merely supplied action previously taken by the trial court but not reflected in the April 2022 order, namely stating the terms of the injunction that the court granted to plaintiff. The order thus did not dispose of any claim or adjudicate any rights or liabilities not already reflected in the April 2022 order.[2]

Defendants cannot seriously dispute this conclusion. Plaintiff's motion for summary disposition asked the trial court to dismiss all of defendants' counterclaims and to grant plaintiff's motion for summary disposition, including plaintiff's request for injunctive relief. Plaintiff's explicit request for injunctive relief asked for this relief against every named defendant, including "Craig Phillips and Tamara Cadoo." In the trial court's April 2022 order, it stated that it was granting plaintiff's motion for summary disposition without exception and dismissing all of defendants' counterclaims. Following this order, there were no claims outstanding, nor any rights or liabilities left unadjudicated.

While the April 2022 order did not specify the terms of the injunction, defendants clearly knew what those terms were—defendants identified the terms of the injunction in their objection

---

[1] *Manitou Waters Ass'n v Gandee*, unpublished order of the Court of Appeals, entered June 17, 2024 (Docket No. 370340).

[2] We offer no opinion on whether a *nunc pro tunc* order is appealable as of right if it is the first order that denies a claim or adjudicates rights or liabilities not previously reflected in a prior order, e.g., if a trial court resolves a claim on the record but that resolution is not reflected in a subsequent order, and the first time that the claim is ruled upon in an order is in a later-entered *nunc pro tunc* order.

to plaintiff's proposed judgment, right after acknowledging that the trial court had granted plaintiff's request for injunctive relief. It was also not apparent when the trial court entered the April 2022 order that the terms of the injunction needed to be spelled out in the order. Defendants asked the court to enter an order that let the record "speak for itself," and the court signed an order that, in the court's words, "reflect[ed]" the court's rulings and left "to the transcript anything else that would need to be found."[3] When it later became a problem that the injunction's terms were not explicitly stated in the April 2022 order, the trial court issued the March 2024 *nunc pro tunc* order to supply the terms previously stated on the record but omitted from the court's order.

It is thus clear that the March 2024 order did not dispose of any claim or adjudicate any rights or liabilities of the parties not already disposed of or adjudicated by the April 2022 order. It therefore cannot be said that the March 2024 was "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties," so it was not a "final order" within the meaning of MCR 7.206(a)(i). This Court accordingly lacks jurisdiction over defendants' appeal as of right under MCR 7.203(A)(1).

If defendants wanted to challenge, in a direct appeal as of right, the injunctive relief that the trial court granted plaintiff, the time for doing so was when the trial court granted plaintiff's request for injunctive relief in April 2022. Defendants could not wait nearly two years, possibly violate the injunction entered against them, then try to challenge the validity of the injunction during the ensuing contempt proceedings, even if the injunction itself was improper in some way.[4] See *Reed v Soltys*, 106 Mich App 341, 350; 308 NW2d 201 (1981).

---

[3] At oral argument, defendants' counsel made an array of arguments about the April 18, 2022 order, including both that the order did not grant injunctive relief and that it granted injunctive relief against only Jeffrey Gandee and Rina Gandee. None of the arguments that defendants' counsel made are plausibly inferable from the record, however, given that (1) plaintiff's motion for summary disposition explicitly asked for injunctive relief, (2) plaintiff's request for injunctive relief specifically asked for that relief against "Craig Phillips and Tamara Cadoo," (3) the trial court recognized on the record that there was "a request by the Plaintiff for injunctive relief," and the court stated that it was "grant[ing] that," (4) when defendants' counsel filed an objection to plaintiff's proposed order, he argued that "the Court order should reflect only what the Court actually ordered on the record," which included that "Plaintiff's request for injunctive relief is granted" (emphasis omitted), and (5) when it came time for the trial court to enter an order reflecting its rulings, defendants' counsel asked that the court let the record "speak for itself," and the court agreed, entering a generic order stating, without any exception, that plaintiff's motion for summary disposition (which, again, requested injunctive relief against "Craig Phillips and Tamara Cadoo") was granted "for the reasons stated on the record." On this record, the only plausible conclusion is that the trial court granted—and that defendants' counsel understood the trial court to be granting—plaintiff's request for injunctive relief against Craig Phillips and Tamara Cadoo, also known as Tamara Phillips.

[4] It bears reiterating how this case came to this panel. In January 2024, plaintiffs filed a show cause order claiming that defendants violated the injunction entered against them in April 2022,

-5-

While we are dismissing this appeal for want of jurisdiction, we clarify that defendants are not without an avenue to challenge the injunction entered against them. If defendants believe that circumstances have changed that warrant modification of the injunction, or that the injunction should otherwise be modified, they can move to modify the injunction in the trial court. See *Opal Lake Ass'n v Michaywe' Ltd Partnership*, 47 Mich App 354, 367; 209 NW2d 478 (1973) ("[A]n injunction is always subject to modification or dissolution if the facts merit it."); *Michigan AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011) (same); *City of Troy v Holcomb*, 362 Mich 163, 169-170; 106 NW2d 762 (1961). Nothing in this opinion should be construed to deny a request from defendants to modify the injunction on grounds that the injunction is overbroad, vague, or otherwise violative of public policy, as defendants argue on appeal.[5]

Dismissed.

/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney
/s/ Randy J. Wallace

---

which led to the trial court clarifying the terms of the April 2022 injunction in a March 2024 order. That March 2024 order is the one at issue on appeal, and it simply specifies the terms of a previously entered injunction. To be clear, defendants have not been found in contempt, and the contempt proceedings against defendants have been stayed while this appeal is pending. Given this posture, we do not believe it proper to opine on the propriety of the contempt proceedings against defendants, nor to give an opinion about how the trial court should resolve those proceedings, if for no other reason than because the result of those proceedings may be the subject of a future appeal. We nevertheless note that, because the contempt proceedings against defendants have been stayed, defendants have not been found to have violated the injunction nor punished for doing so, making their ex-post-facto argument unripe. See *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 554; 904 NW2d 192 (2017). Defendants remain free to raise their ex-post-facto argument if (or when) the contempt proceedings against them resume.

[5] We note that, in the trial court, plaintiff argued—and the trial court agreed—that any error in the April 2022 order was defendants' doing, i.e., that defendants "invited the error." The April 2022 order was not a stipulated order intended to reflect an agreement by the parties; the order was intended to reflect the trial court's judgment. For that reason, any error in the order belongs to the trial court alone. While defendants submitted the April 2022 order that the court entered, the court itself had a responsibility to ensure that the order was proper and accurate. This is reflected in our court rules, which provide that a court can only issue an order submitted by a party "if, in the court's determination, [the order] comports with the court's decision." MCR 2.602(B)(2) and (3)(a). A court cannot outsource its responsibility to ensure that its orders are proper and accurate. If defendants move to modify or dissolve the injunction against them, relief cannot be precluded on grounds that defendants "invited" any error in the order granting the injunction.