Perkins *et al. v.* Hayward *et al.*

No. 16,302.

## PERKINS ET AL. *v.* HAYWARD ET AL.

**DRAINAGE.**—*Judgment Establishing Ditch.—Correction of.*—The drainage law contemplates that after judgment has been rendered by the court, establishing a ditch, and ordering its construction,.the case shall remain upon the docket of the court while the ditch is in progress of construction. It is on the docket, however, only for the purpose of carrying into effect the judgment actually entered, and not for any action modifying or changing that judgment.

**SAME.**—*Correction of Judgment After Term.—Notice.— Waiver of.*—After the expiration of the term at which judgment has been rendered by the court establishing a ditch, no order can be made modifying or correcting the judgment, except upon notice again bringing the parties before it, or upon their voluntary appearance, and a waiver of notice by them.

**SAME.**— *What Constitutes Waiver of Notice.*—Where, however, the court had rendered judgment against the remonstrators, establishing the ditch, and the clerk had taxed the costs of the proceedings against them, but no judgment for costs had been so entered up, and a motion was filed for a *nunc pro tunc* entry, to that effect, and the remonstrators, after entering a special appearance expressly challenging the jurisdiction of the court over their persons, and before any ruling was made on that question, filed a counter-motion on the subject of costs, they thereby waived want of notice, and the action was equivalent to a full and voluntary appearance to appellee's motion.

**SAME.**—*Judgment for Costs Against Remonstrators.—Nunc pro Tunc Entry.*— A finding and judgment against remonstrators, establishing a ditch, properly and necessarily involves a judgment for costs. See section 590, R. S. 1881. The failure of the clerk to enter, as a part of the judgment, a judgment for costs, was a mere omission to record a part of the judgment actually rendered, as shown by the record, and the omission could be supplied by a *nunc pro tunc* entry.

**SAME.**—*Judgment Establishing Ditch.—Collateral Attack.*—The circuit court having jurisdiction over the subject-matter of the construction of public drains, the judgment of a circuit court establishing a particular drain, can not be attacked collaterally, on the ground that said drain, if constructed, will have an effect not contemplated by the Legislature in the enactment of the drainage law.

**JURISDICTION.**—*Collateral Attack.— When Must be Made.—Direct Attack.— When too Late.*—Where the court has jurisdiction of the subject-matter, and objection is made to its jurisdiction over a particular case, the objection must be promptly made, and comes too late after the parties pursue the case to final judgment in the court of last resort without

| | |
|---|---|
| 132 | 95 |
| 132 | 252 |
| 132 | 95 |
| 142 | 405 |
| 132 | 95 |
| 147 | 503 |
| 132 | 95 |
| 148 | 226 |
| 152 | 96 |
| 132 | 95 |
| 156 | 266 |
| 156 | 272 |
| 132 | 95 |
| 158 | 163 |
| 132 | 95 |
| 159 | 21 |
| 132 | 95 |
| 160 | 15 |
| 160 | 537 |
| 132 | 95 |
| 164 | 664 |
| 132 | 95 |
| 165 | 25 |
| 132 | 95 |
| 166 | 320 |
| 167 | 123 |
| 132 | 95 |
| 171 | 463 |

raising the jurisdictional question, and raise it for the first time when the judgment of affirmance by the Supreme Court is spread on the records of the circuit court. After such a delay, the question of jurisdiction could not be raised, even in a direct attack on the judgment.

JUDGMENT.—*Nunc pro Tunc Entry.— When May be Made.*—A *nunc pro tunc* entry may be made if there is any entry or memorandum found among the records of the case, required by law to be kept, showing action taken, or orders made by the court, which the clerk has failed to record.

From the La Grange Circuit Court.

*R. Lowrey* and *J. W. Hanan,* for appellants.

*J. Morris, R. C. Bell, J. M. Barrett, S. R. Morris, J. S. Drake* and *F. D. Merritt,* for appellees.

McBRIDE, C. J.—April 8th, 1884, the appellees commenced a proceeding in the La Grange Circuit Court to establish a ditch, pursuant to the provisions of the act of April 8th, 1881, as amended March 8th, 1883. R. S. 1881, sections 4273 *et seq.;* Acts 1883, pp. 173 *et seq.;* Elliott's Supp., sections 1175 *et seq.*

The appellants appeared and remonstrated.

It is unnecessary to trace the steps in the proceeding further than to say that at the November, 1885, term of that court, it culminated in a trial and a judgment of the La Grange Circuit Court establishing the ditch. On appeal to this court that judgment was affirmed. *Perkins* v. *Hayward,* 124 Ind. 445. The judgment of affirmance was rendered June 21st, 1890.

The record before us shows that on the 8th day of September, 1890, the appellees filed in the La Grange Circuit Court a motion, showing that, while the court had found for the petitioners, and against the remonstrants, and had rendered a judgment accordingly establishing the ditch, and the clerk had taxed the costs of the proceeding against the remonstrants, no judgment had been entered for costs. This, the motion assumed and alleged, was solely because of the misprision of the clerk, it being apparently assumed that the judgment establishing the ditch carried with it a judgment

for cost which should, and, but for the inadvertence, omission and mistake of the clerk, would have been entered of record at the same time, and as a part of the judgment establishing the ditch. They thereupon asked for a *nunc pro tunc* entry of such judgment.

The record further shows that, on the 19th day of November, 1890, which was the third judicial day of the November term of the La Grange Circuit Court, the attention of the court was called to the foregoing motion by the attorneys for the appellees, who, in open court, moved for a *nunc pro tunc* entry in accordance with their written motion.

To this the appellants, by counsel, on the same day, entered a special appearance and moved the court to dismiss or reject the motion, for the reason that they had no notice of it, and that there was nothing of record by which to make the amendment in the judgment asked for by the appellees. The record further shows that one week later, on November 26th, 1890, the appellants filed in open court a written motion, of which the following is a copy, omitting the title:

" 1st. The defendants move the court to render judgment in the above entitled cause in favor of the defendants, against the petitioners for the costs and charges accrued in said cause, as being laid out and expended by the defendants herein, on the ground, and for the reason, that it appears by the petition and record herein that the court has no jurisdiction of this proceeding, and that the character of the drain sought to be constructed is shown by the petition not to be one which is authorized by the statute of the State of Indiana, or other law of the State, and that the judgment for costs be thus modified.

" 2d. The defendants further move the court separately and additionally, to set aside, vacate and annul the judgment heretofore rendered herein, on the twenty-second judicial day of the November, 1885, term of said court, establishing the drain prayed for in the petition herein, and approving the

assessments made by the commissioners, and appointing John Price drainage commissioner to construct said work, for the reason that it appears by the petition, that it is proposed herein to construct a drain to lower and drain certain of the fresh water lakes of the counties of Steuben and La Grange ; that such is one of the objects and purposes, and that this court has no jurisdiction thereof, nor any authority of law to proceed further therein.

> " LOWREY & HANAN,
> "*Attorneys for Defendants.*"

The record shows that the appellants thereupon moved the court to " render judgment in favor of the defendants in this cause, and to annul the judgment heretofore rendered on the 22d day of November, 1885, for the reason that said drainage will lower and drain certain fresh water lakes in La Grange and Steuben counties."

On the 11th day of December, 1890, and while both of the foregoing motions were pending and not acted upon, the following record entry was made in the case :

" Be it remembered, that in vacation, before the September term, 1890, of the La Grange Circuit Court, to wit : August 22, 1890, there was filed in the clerk's office of the La Grange Circuit Court a certified copy of the opinion and judgment of the Supreme Court of the State of Indiana in the above entitled cause.

"And be it further remembered that, afterwards, to wit : December 11, 1890, that being the 22d judicial day of the November, 1890, term of said court, on motion of James S. Drake, one of the counsel for petitioners in said cause, it was ordered by the court that said opinion be spread of record upon the order book of said court, which opinion is in words and figures following, to wit : "

The opinion was therefore spread upon the order book.

The court then took up the two pending motions, and disposed of them in inverse order. The motion of the appellants, although the last filed, was ruled upon first. It was

overruled and the appellants excepted. The appellees' motion was sustained, and a *nunc pro tunc* entry was made of a judgment for costs in favor of the appellees and against the appellants.

The appellants contend that in both rulings the circuit court erred.

Their contention is placed by them upon three grounds:

1st. That, as no notice was given them of the motion for the *nunc pro tunc* entry, and their appearance thereto was special, the court acquired no jurisdiction of their persons, and was therefore without authority to make an order binding upon them.

2d. The record did not show any minute or memorandum made by the judge at the November term, 1885, directing a judgment for costs, and there was, therefore, nothing upon which to base the *nunc pro tunc* entry.

3d. The averments of the petition showed that the effect, if not the purpose, of the proposed ditch was to lower the water in certain fresh water lakes, and for that reason the court had no jurisdiction of the subject matter (citing *Baltimore, etc., R. R. Co.* v. *Ketring*, 122 Ind. 5), and, therefore, that the judgment establishing the ditch was void, and could be disregarded or set aside by the court on motion.

We will consider the questions in the order stated.

The drainage law, under which these proceedings were had, contemplates that after judgment has been rendered by the court establishing a ditch and ordering its construction, the case shall still remain upon the docket of the court while the ditch is in progress of construction. The ditch commissioner, to whose supervision the work is entrusted, acts throughout under the direction of the court. Section 4279, R. S. 1881.

Only when he reports, showing the work done, does it finally disappear from the docket.

It does not follow, however, that the entire proceeding is *in fieri* during all this time. The statute contemplates

adversary proceedings. Provision is made for bringing before the court all persons interested in or affected by the work. Issues may be formed and tried, as was done in this case. But the judgment, establishing the ditch and ordering its construction, is a final judgment, which terminates the adversary proceedings.

It is, thereafter, on the docket only for the purpose of carrying into effect the judgment actually rendered, and not for any action modifying or changing that judgment. So far, therefore, as the adversary proceedings are concerned, it is no longer *in fieri*, after the expiration of the term when the judgment was rendered. After that time the court can make no order changing, modifying or correcting the judgment, except upon notice, again bringing the parties before it, or upon their voluntary appearance.

In our opinion the court in this case had no jurisdiction to act upon the motion for a *nunc pro tunc* correction of the judgment without notice, or the voluntary appearance of the appellants and a waiver of notice by them.

Their appearance of November 19th, 1890, being a special appearance, expressly challenging the jurisdiction of the court over their persons, did not waive notice. They had the right to appear specially for that purpose, and if nothing had thereafter been done by them to waive notice it is clear that the court would have been without authority to make the order.

The action of the appellants, however, on the 26th day of November, 1890, was, in our opinion, a complete waiver of the objection of want of notice, and was equivalent to a full and voluntary appearance. At that time the appellee's motion was still pending, with no ruling made on the question raised by the appellants on their special appearance.

Without insisting on a ruling on these questions, they, themselves, voluntarily appeared and filed a counter motion. If they desired to save the question they might have done so by requiring a ruling upon their special appearance, and by

an exception before filing their counter motion. Their motion, however, went to the merjts of the entire proceeding. Made as it was, before a ruling had been made on the questions raised by their special appearance, and even ruled upon before the other questions were decided, it is, we think, clear, according to the great weight of authority, that it was a complete waiver of notice. Elliott's App. Proc., section 637, and cases cited; *Elliott* v. *Lawhead,* 43 Ohio St. 171; *Handy* v. *Ins. Co.,* 37 Ohio St. 366; *Maholm* v. *Marshall,* 29 Ohio St. 611; *Sealey* v. *California Lumber Co.,* 24 Pac. Rep. (Ore.), 197; *Colorado Cent. R. R. Co.* v. *Caldwell,* 19 Pac. Rep. (Col.) 542; *Layne* v. *Ohio River R. R. Co.,* 35 W. Va. 438.

A *nunc pro tunc* entry, in practice, is an entry made *now* of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted *action* by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake. 12 Am. & Eng. Encyc. of Law, p. 80 *et seq.,* and authorities cited; *Chissom* v. *Barbour,* 100 Ind. 1.

It is not necessary for us here to lay down any general rule as to the evidence necessary to authorize an entry *nunc pro tunc,* further than to say that such action may be had if there is any entry or memorandum found among the records of the case, required by law to be kept, showing action taken, or orders made by the court which the clerk has failed to record. 12 Am. & Eng. Encyc. of Law, 81.

The statute under which this proceeding was had provides that: " When the finding of the court is against the remonstrance for any cause, * * * he shall pay the costs occasioned by the remonstrance." Counsel for the appellants contend, however, that this, while it imposes upon the defeated remonstrant the duty of *paying* the costs, does not authorize a judgment against him for them. In this we can not agree with them. In our opinion a fair construction of

the statute makes the duty of the court imperative in such cases to render a judgment in favor of the petitioners for such costs. This is the rule in ordinary civil causes. Section 590, R. S. 1881; *Merrill* v. *Shirk*, 128 Ind. 503. We think it was the intention of the Legislature, by the statute above quoted, to apply the same rule to proceedings of this character. A finding and judgment against remonstrators, establishing a ditch, therefore, properly and necessarily involves a judgment for costs. In the case at bar the court did, as shown by the record, find against the remonstrants, and did render final judgment against them establishing the ditch. The failure of the clerk to enter, as a part of the judgment, a judgment for costs was a mere omission to record a part of the judgment actually rendered as shown by the record.

This brings us to the consideration of the final proposition. In the original proceeding, the question of jurisdiction was not raised, either in the circuit court or in this court.

As the question comes to us, it presents some novel features. It is an attack on a judgment of a court of general jurisdiction which has been appealed to and affirmed by the court of last resort. The attack is by a party to the record, the party who appealed the cause and unsuccessfully sought its reversal. His motion asked the court, notwithstanding the affirmance of the judgment, to treat it as a nullity.

The attack upon the judgment is collateral, and can only succeed if the judgment is void.

It must fail if it is merely erroneous, no matter how great the error.

That the attack is collateral does not seem to be controverted by counsel in their argument, nor, in our opinion, could that fact be successfully questioned. The contention, earnestly presented and ably and vigorously argued, is that the averments of the petition, showing that the effect of the construction of the ditch would be to lower certain lakes in

La Grange and Steuben counties, the proceeding was " without authority, and incurably void," because the court had no jurisdiction of the subject-matter. If counsel are right in their contention, that the court had no jurisdiction of the subject-matter, their argument is unanswerable, and the judgment is void. They, however, err in giving to the term " subject-matter " too limited an application.

Their error lies in the failure to distinguish between the subject-matter of the proceeding and the subject-matter of the specific case then before the court.

Jurisdiction of the subject-matter of a case grows out of the fact that it belongs to a general class of cases of which the court has jurisdiction.

If the court has no jurisdiction of the subject-matter, it has no power to act at all, and any order made by it is void, and may be ignored. The parties can not waive the objection, nor can they by agreement give to the court jurisdiction of a case belonging to a class which the law withholds from its cognizance. The question may be raised at any time, and the court's action in usurping jurisdiction may be questioned collaterally.

If, however, the court has jurisdiction of the subject-matter of an action, the fact that the averments of the complaint or petition in the case before it are defective, or insufficient, or that it contains averments tending to deprive the court of jurisdiction to grant the specific relief sought, will not, of itself, render the judgment of the court void. When a case is commenced in a court having general jurisdiction of the class of actions to which it belongs, the court has jurisdiction of the subject-matter. And, if it also acquires jurisdiction of the parties litigant, its judgment therein is not open to collateral attack, however erroneous it may be. Having jurisdiction of the class of cases, it is, of necessity, clothed with power to decide upon the sufficiency of the jurisdictional averments in the specific case presented. The power to decide involves the power to decide wrong as well as right.

Having the power to decide the question, an erroneous decision does not oust its jurisdiction. The right and the power to decide protect its decisions from collateral attack whether they are right or wrong. The following, with many other authorities, will be found to fully sustain the foregoing propositions. Elliott's Appellate Procedure, sections 501, 502 and 503 ; *Jackson* v. *Smith,* 120 Ind. 520; *State, ex rel.,* v. *Wolever,* 127 Ind. 306; *Chicago, etc., R. W. Co.* v. *Sutton,* 130 Ind. 405; *Alexander* v. *Gill,* 130 Ind. 485; *McCoy* v. *Able,* 131 Ind. 417.

The subject-matter of this proceeding was the construction of a public drain. Of this class of cases the circuit court has jurisdiction.

The objection raised is that the specific drain sought to be constructed will have an effect not contemplated by the Legislature in the enactment of the drainage law. It is plain that the question of jurisdiction goes to the particular case, and is within the rules above stated. The objection is not that the circuit court of La Grange county has not jurisdiction to direct the construction of a public drain, but that it had no authority to direct the construction of this particular drain. In other words, that while its power to direct the construction of public drains is clear, if a sufficient petition is filed, and the proper preliminary steps have been taken, it erred in the case at bar in holding the petition sufficient, and proceeding on that assumption.

While, as we have said, the question of jurisdiction was not raised, either in the circuit court or in the Superior court, the circuit court inferentially affirmed its jurisdiction by taking cognizance of the case and deciding it. If it erred by so doing, the appellants could only avail themselves of the error by a direct attack. In like manner this court, by taking cognizance of the appeal and affirming the judgment, inferentially affirmed that the case made by the petition was within the jurisdiction of the circuit court.

We find no error in the record.

The judgment might well be affirmed, also, upon other grounds than that the attack upon the judgment is collateral.

In our opinion there was a complete waiver of the question by the appellants, by their failure to raise it at the proper time.

The rule in such cases is thus stated in *McCoy* v. *Able, supra:* "There was here jurisdiction of the general subject —that is, of the general class, and, when such jurisdiction exists, specific objection to the jurisdiction must be opportunely made and duly brought into the record."

See also Elliott's Appellate Procedure, section 776.

Objections to the jurisdiction, when objections are necessary to save the question, must be promptly made, or they will be lost by waiver. It must be understood, of course, that we are still speaking of a case where the objection goes to the jurisdiction of the court over the particular case, and not to its jurisdiction over the class of cases to which that case belongs.

The conduct of the parties in pursuing the case to final judgment in the court of last resort, without even a suggestion of the jurisdictional question, and raising it for the first time when the judgment of affirmance by the Supreme Court is spread on the records of the circuit court, is, in our opinion, an entire waiver of the error, if there was any. So that the appellants are not in situation to raise the question, even in a direct attack on the judgment.

Judgment affirmed with costs.

Filed June 16, 1892.