MALLORY v. WARD BAKING CO.

1. WORKMEN'S COMPENSATION—LIMITATION OF ACTIONS.
   Under workmen's compensation act claim for compensation must be made within the statutory period and no exception is made in favor of alleged minor dependents who do not file claims for nearly five years (2 Comp. Laws 1929, § 8431).

2. COURTS—NUNC PRO TUNC ENTRIES—PURPOSE.
   A *nunc pro tunc* entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date, not to supply omitted action by the court, but to supply an omission in the record.

3. WORKMEN'S COMPENSATION — DEPENDENCY — NUNC PRO TUNC ORDER.
   Department of labor and industry may not enter a *nunc pro tunc* order adding name of alleged dependent minor stepdaughter of deceased to original award five years thereafter, where there was no showing in original proceedings that subsequently petitioning minor was a dependent.

Appeal from Department of Labor and Industry. Submitted October 2, 1934. (Docket No. 20, Calendar No. 37,938.) Decided January 7, 1935.

Elizabeth Clark presented her claim against Ward Baking Company, employer, and American Mutual Liability Company, insurer, for accidental injuries resulting in death of her husband, Ben Clark. After remarriage of Elizabeth Clark, Ethel Clark Mallory filed her petition for compensation. From award amending cause instituted by Elizabeth Clark by adding Ethel Clark Mallory as party plaintiff and granting compensation to Ethel Clark Mallory, defendants appeal. Reversed.

*Bledsoe & Dent,* for plaintiff.

*E. Dean Alexander,* for defendants.

Edward M. Sharpe, J. This is certiorari to review an award of the department of labor and industry granting plaintiff compensation. Ben Clark was accidentally killed April 20, 1928. He left surviving Elizabeth Clark, his widow, and Ethel Clark Mallory, daughter of Elizabeth Clark by a former marriage.

After Clark's death, Elizabeth Clark filed an application for compensation and on June 19, 1928, the deputy commissioner made an award of $18 per week for 300 weeks. Compensation was paid until June 13, 1931, when it was stopped because of the remarriage of Elizabeth Clark. See 2 Comp. Laws 1929, § 8422.

In the original petition filed by Elizabeth Clark no mention was made of Ethel Clark Mallory as a party plaintiff and the order granting compensation to Elizabeth Clark fails to mention the dependency of the present petitioner. On August 18, 1933, plaintiff, by her next friend, filed a petition for the balance of the compensation that would have been paid to Elizabeth Clark but for her remarriage. The deputy commissioner granted the petition and the same was affirmed by the board with the modification of reducing compensation from 176 3/7 weeks to 135 weeks at the same rate per week and also added the name of petitioner as a party plaintiff in the original case. The defendants appeal and claim that a minor dependent is required to make a claim for compensation within six months from the date of death and further that the department of labor and industry may not arbitrarily add the name of petitioner to the original award.

The answer to the first claim of appeal is found in the case of *Bankers Trust Co.* v. *Tatti,* 258 Mich. 357, where this court decided that compensation may not be awarded to minor dependent, under workmen's compensation act unless claim therefor is made within statutory period, 2 Comp. Laws 1929, § 8431; no exception being made in favor of minors.

See, also, *Brown* v. *Weston-Mott Co.,* 202 Mich. 592; *Schild* v. *Railroad Co.,* 200 Mich. 614; *Dochoff* v. *Globe Construction Co.,* 212 Mich. 166.

The next question involves the right of the department of labor and industry to amend an order made in 1928 or nearly five years after it was made. The record discloses that no compensation could be awarded for the girl on the evidence taken in 1928 as there was no showing made that she was a dependent of Ben Clark.

In *Perkins* v. *Hayward,* 132 Ind. 95, 101 (31 N. E. 670), the court said:

"A *nunc pro tunc* entry, in practice, is an entry made *now* of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted *action* by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

We accept this language as stating the uses and purposes of a *nunc pro tunc* order. *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455. The action of the department was not supplying an omission in the record, but creating a new record without supporting testimony. This it may not do.

The award is vacated, with costs to appellant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL and BUSHNELL, JJ., concurred.