PEOPLE v BIRMINGHAM

OPINION OF THE COURT

1. COURTS—ORDERS OF COURT—NUNC PRO TUNC ENTRIES—PURPOSE.

A nunc pro tunc entry in the trial record is an entry made now of something which was actually previously done that has effect as of the former date; its office is not to supply omitted action but to supply an omission in the record of action really had but omitted through inadvertence or mistake.

2. APPEAL AND ERROR—MISSING DOCUMENTS—RECORDS—ERROR—CORRECTION OF ERROR—GOOD FAITH—COURT RULES.

The Court of Appeals may, under court rule, give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as a case may require, therefore, it may, where a missing document was lost from a court file and the trial judge was empowered to take judicial notice thereof, vacate an order erroneously entered *nunc pro tunc* but reinstate the effect thereof by its own order; courts are not powerless to correct human error made in good faith and without intent to deceive (GCR 1963, 820.1[7]).

3. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE—COURT RULE—CASE LAW—STATUTES—SUBSTANTIAL COMPLIANCE—CONSTITUTIONAL RIGHTS—VOLUNTARINESS.

Acceptance of a guilty plea which was taken before the ritualistic requirements of the presently controlling court rule and case law required only substantial compliance with the requirement that defendant be advised of his constitutional rights and a determination that the plea was freely, understandingly and voluntarily made (MCLA 768.35; Court Rule No 35A[1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts § 58.

[3, 4] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

DISSENT BY D. E. HOLBROOK, JR., J.

4. CRIMINAL LAW—PLEA OF GUILTY—RECORD—FACTUAL FOUNDATION
   —AFFIRMATIVE INDICATION—UNDERSTANDING—APPEAL AND ER-
   ROR.

   *The acceptance in 1960 of a plea of guilty was error where the
   record does not show that the defendant's plea was made
   understandingly and there was a total absence of a factual
   foundation enabling the trial court to ascertain the truth of the
   plea, as required by the court rule, case law, and statutory law
   in effect at that time.*

Appeal from Recorder's Court of Detroit, George
Murphy, J. Submitted Division 1 February 13,
1975, at Detroit. (Docket No. 17231.) Decided June
25, 1975.

William J. Birmingham was convicted, on his
plea of guilty, of attempted breaking and entering
in the nighttime with intent to commit larceny.
From a *nunc pro tunc* order vacating previous
orders granting a new trial and a dismissal of the
charge, defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert A.
Reuther,* Assistant Prosecuting Attorney, for the
people.

*Thomas A. Neenan,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOL-
BROOK, JR. and O'HARA,* JJ.

PER CURIAM. This is an appeal from an order of
the trial court entered in response to an order of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

this Court to file a transcript or settle a record within 60 days of this Court's order.

The transcript was not filed nor was a record settled within the time specified. Thereupon, on November 14, 1973, the trial court entered an order vacating the plea-based conviction and granting a new trial. The plea had been entered some 12 years earlier. Understandably, the prosecuting attorney two days later on November 16, 1973, filed a motion to dismiss the charge.

On the same day the trial court granted the motion to dismiss.

On November 28, 1973, the prosecutor filed another motion to set aside the order granting a new trial and order of dismissal. This for the reason that the missing transcript had been found. Thereupon the trial judge, reciting that she [Hon. Geraldine Bledsoe Ford] had acted on an "erroneous assumption", set aside her two former orders *"nunc pro tunc"*.

Giving her last order *nunc pro tunc* effect was incorrect. *Nunc pro tunc* has a special meaning in our law and has been defined by our Supreme Court.

" 'A *nunc pro tunc* entry, in practice, is an entry made *now* of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted *action* by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake.' " *Mallory v Ward Baking Co,* 270 Mich 91, 93; 258 NW 414 (1935).

Under our authority wisely granted by GCR 1963, 820.1(7) we vacate the order entered *nunc pro tunc* and reinstate the effect thereof on the ground that all the parties hereto were acting in good faith on a mistake of fact. The missing docu-

ment was a part of the court file. The trial judge was empowered to take judicial notice thereof. Courts are not simply mechanistic devices, powerless to correct human error made in good faith and without intent to deceive.

Next we examine the plea-taking process which was in force at the time the plea was taken. It was Court Rule No 35A (1945). We examine it and its statutory counterpart.

Court Rule No 35A (1945) provided:

"In every prosecution wherein the accused is charged with a felony the trial court shall conform to the following practice:

\* \* \*

"Sec. 2. Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted.

\* \* \*

"This rule is mandatory but failure to comply therewith shall not be considered jurisdictional."

MCLA 768.35; MSA 28.1058 provides:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made

freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

This was a negotiated plea and this fact appears on the record. The only claim of error which need be considered is whether the trial judge in accepting the plea, substantially complied with the requirement that defendant be advised of his constitutional rights and a determination by this Court that the plea was freely, understandingly and voluntarily made.

The plea was taken before the ritualistic requirements of GCR 1963, 785 and *Shekoski*[1] were promulgated. Nothing in this record suggests that defendant, a fourth offender, did not know exactly what he was doing in copping a plea to attempt[2] in lieu of the original charge of breaking and entering in the nighttime.[3]

There is no reversible error. The judgment of conviction entered on the plea is affirmed.

D. E. Holbrook, Jr., J. *(dissenting)*. Unlike my brothers, I do not believe that defendant's guilty plea of March 31, 1960, for attempted breaking and entering in the nighttime of a business place with intent to commit a larceny therein, MCLA 750.110; MSA 28.305, complied with the court rule, statutory, and case law in existence at the time. Therefore, I respectfully dissent.

In 1960, the procedure to be followed for guilty pleas was determined by MCLA 768.35; MSA

[1] *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974).
[2] MCLA 750.92; MSA 28.287.
[3] MCLA 750.110; MSA 28.305.

28.1058 (set forth in the majority opinion) and
Court Rule No 35A(2), 318 Mich xxxix, which is as
follows:

"Imposing sentence. If the accused pleads guilty, after
such plea and before sentence the court shall inform
the accused of the nature of the accusation and the
consequence of his plea; and regardless of whether he is
represented by counsel, *the court shall examine the
accused, not necessarily under oath, and as a condition
of accepting the plea of guilty and imposing sentence
shall ascertain that the plea was freely, understand-
ingly and voluntarily made,* without undue influence,
compulsion or duress, and without promise of leniency.
*Unless the court determines that the plea of guilty was
so made, it shall not be accepted."* (Emphasis supplied.)

The Michigan Supreme Court in *People v Bar-
rows,* 358 Mich 267; 99 NW2d 347 (1959), consid-
ered a challenge to the validity of a conviction by
guilty plea, stating:

"It is plain, however, that in this case the *mandatory*
provisions of Rule No 35A were not complied with. *The
direct questioning of a defendant by the trial judge on
plea of guilty is required by the rule for the purpose of
establishing the crime and the participation therein of
the person pleading guilty.* This is a precaution against
involuntary or induced false pleas of guilty, and against
subsequent false claims of innocence.

              *    *    *

"We have little doubt that the entry of the plea by
his attorney was made with defendant's agreement. But
Michigan's rule on acceptance of pleas requires that the
court ascertain more about the plea than that the
defendant agrees that it is expedient to so plead. *The
rule is designed to require reasonable ascertainment of
the truth of the plea.*

"This requirement was present in the statute (CL
1948, § 768.35 [Stat Ann 1954 Rev § 28.1058]) which
preceded Rule No 35A. It has frequently been given

effect by this Court. *People v Utter,* 209 Mich 214; *People v Merhige,* 212 Mich 601. *What has been added by the rule is the mandatory requirement that the court 'examine the accused.' "* (Emphasis supplied.) *People v Barrows, supra* at 272–273.

The following is the entire record of the guilty plea proceeding in the case at bar:

*"The Court:* The People vs William James Birmingham, charged with breaking and entering a business place in the night time with intent to commit larceny.

*"Mr. Miller [defense counsel]:* If your Honor please, the defendant now desires to withdraw his plea of not guilty to the charge of breaking and entering a business place in the night time and plead guilty to attempted breaking and entering in the night time. The defendant has been advised of his constitutional rights of trial by jury.

*"The Court:* Is that all right with the prosecutor, attempt to break and enter?

*"Mr. Flanigan [assistant prosecutor]:* Yes.

*"The Court:* William James Birmingham, you want to plead guilty of attempt to break and enter a business place in the night time with intent to commit larceny?

*"The Defendant:* Yes.

*"The Court:* Your plea of guilty is free and voluntary?

*"The Defendant:* Yes.

*"The Court:* No one has promised you anything?

*"The Defendant:* No.

*"The Court:* No one has induced you to plead guilty?

*"The Defendant:* No.

*"The Court:* You are pleading guilty because you are guilty?

*"The Defendant:* Yes, sir.

*"The Court:* Your plea of guilty is of your own free will?

*"The Defendant:* Yes, sir.

*"The Court:* I will accept the plea of guilty of attempted breaking and entering of a business place in

the night time with intent to commit larceny. Refer you to the Probation Department. Sentence, on the 13th."

Clearly this does not comply with Court Rule 35A and *People v Barrows, supra.* There is no affirmative indication, on the record, that defendant's plea was made understandingly and there is a total absence of a factual foundation enabling the court to ascertain the truth of the plea.

Based on the aforementioned case, statute, and court rule, I vote to reverse.