PEOPLE v WOODALL

(IN THE MATTER OF UNITED BONDING COMPANY, SURETY)

Docket No. 77-2526. Submitted June 22, 1978, at Detroit.—Decided September 5, 1978.

Charles Woodall failed to appear for trial in Detroit Recorder's Court on December 8, 1969. A surety bond had been provided by United Bonding Company. However, the bond was not forfeited at that time. On March 8, 1977, a *nunc pro tunc* order was entered forfeiting the bond as of December 8, 1969, Recorder's Court of Detroit, Robert L. Evans, J. United Bonding Company appeals. *Held:*

The *nunc pro tunc* order was improper because such an order may not be utilized to supply a previously omitted action. Also, since a surety bond is a contractual arrangement and the statute of limitations for commencing an action in such circumstances is six years, the entry of a judgment on the bond was barred.

Reversed.

1. COURTS—ORDERS OF COURTS—NUNC PRO TUNC ORDERS—PURPOSE.

The function of a *nunc pro tunc* order is to supply an omission in the record of an action previously taken by a court but not properly recorded; an order *nunc pro tunc* may not be utilized to supply a previously omitted action.

2. BAIL—BONDS—SURETY BONDS—CONTRACTS—STATUTE OF LIMITATIONS—FORFEITURE OF BOND—STATUTES.

A surety bond for the purpose of assuring that a criminal defendant will appear at later proceedings is a contract between the government and the principal and surety; thus, the six-year statute of limitations for contracts bars an action to enter a judgment on a bond where the action is brought more than six years after the date of default (MCL 600.5807[8]; MSA 27A.5807[8]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 58.

56 Am Jur 2d, Motions, Rules, and Orders §§ 44, 46.

[2] 8 Am Jur 2d, Bail and Recognizance §§ 147, 172.

*Seymour F. Posner* and *Norman L. Zemke,* for United Bonding Company.

Before: D. C. Riley, P. J., and M. F. Cavanagh and B. M. Hensick,* JJ.

Per Curiam. United Bonding Company appeals as of right from an order of the Detroit Recorder's Court entering a judgment of forfeiture on a surety bond in the amount of $500.

Although the default occurred on December 8, 1969, the bond was not forfeited. On March 8, 1977, a *nunc pro tunc* order was entered forfeiting the bond as of December 8, 1969. We find that the entry of this order was improper.

The function of such an order is to supply an *omission in the record* of action previously taken by the court but not properly recorded; an order *nunc pro tunc* may not be utilized to supply a previously *omitted action. Sleboede v Sleboede,* 384 Mich 555; 184 NW2d 923 (1971), *People v Birmingham,* 62 Mich App 383; 233 NW2d 551 (1975).

We recognize that no action brought upon a recognizance shall be barred by reason of any neglect or omission to record the default. MCL 765.27; MSA 28.914. However, even if an order of forfeiture had been properly entered in 1969, the action in 1977 to enter a judgment on the bond was barred by the statute of limitations. A surety bond such as the one provided in the instant case is a contract between the government and the principal and surety. *People v Tom Johnson,* 72 Mich App 702; 250 NW2d 508 (1976). Thus, the 6-year statute of limitations for contracts, MCL 600.5807(8); MSA 27A.5807(8), bars the action in the instant case.

Reversed. Costs to appellant.

---

* Circuit judge, sitting on the Court of Appeals by assignment.