## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

May 29 2018, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Charles E. McFarland
New Castle, Kentucky

John R. Vissing
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Chapo and Sherry Chapo, <br> *Appellants-Defendants,* <br><br> v. <br><br> Jefferson County Plan Commission, <br> *Appellee-Plaintiff.* | May 29, 2018 <br><br> Court of Appeals Case No. <br> 39A05-1612-CT-2840 <br><br> Appeal from the Jefferson Circuit Court. <br> The Honorable Jeffrey L. Sharp, Special Judge. <br> Trial Court Cause No. <br> 39C01-1605-CT-380 |

**Friedlander, Senior Judge**

[1]     Joseph (Joseph) Chapo and Sherry (Sherry) Chapo (collectively, the Chapos),
appeal from a trial court order dated November 17, 2016, granting the Jefferson
County Plan Commission's (JCPC) request for a preliminary injunction, and,
after the trial judge vacated its order and recused himself from the case, the

special judge's January 4, 2017 order, granting the JCPC's request for a preliminary injunction. We affirm.

[2] The Chapos own real property located at 10214 W. Deputy Pike Road, Deputy, Indiana, which is in Jefferson County. The property is located in an agricultural district and is subject to Jefferson County zoning ordinances.

[3] At some time prior to September of 2012, the Chapos applied for and received a conditional use permit to operate a saw-mill business, Tiny Timbers, on the property.

[4] On September 17, 2012, the Chapos, pro se, filed an application for conditional uses of their property including the manufacture and sale of firearms, and the future use of the property which, in their own words, was described as an indoor/outdoor tactical and test firing range, marketed to professional marksmen, law enforcement, and light military forces in the region. Petitioners' Exhibit 3, Ex. Vol. I, p. 77. The Chapos' application expressly acknowledged that the property was zoned for agricultural purposes. In Jefferson County, shooting ranges are not, as a general rule, permissible uses in an agricultural district, but the ordinance does recognize shooting ranges as potential conditional uses in an agricultural district.

[5] The Jefferson County Board of Zoning Appeals (JCBZA) heard the Chapos' application for the conditional use, and the Chapos, who appeared pro se, were given the opportunity to be heard. The JCBZA approved the first use, the manufacture and sale of firearms on the property. A decision on the proposed

second use was tabled for a further hearing which was held on November 7, 2012. After the Chapos, who continued pro se, were given an additional opportunity to be heard, the JCBZA denied the second use and issued written findings of fact supporting that decision. The Chapos did not seek appellate review of the denial of the request for the second use.[1]

[6] Sometime between October 2, 2012, and November 7, 2012, while the application for the second use was pending, the Chapos incorporated a business, solely owned by them, naming it Deputy Big Shot, LLC. Sherry produces and writes a newsletter or blog called Trigger Time, maintains a Facebook page, and distributes advertising material for the business. There is no evidence in the record reflecting that the application for conditional use was amended to include Deputy Big Shot or that its existence was discussed with respect to the Chapos' application with the JCBZA for the shooting range or indoor/outdoor tactical and test firing range.

[7] Next, the JCBZA received a written complaint in March 2016 from a Jefferson County property owner, protesting excessive noise at the Chapos' property. A zoning enforcement officer investigated the matter. After the investigation was completed, an order enforcing the Jefferson County Zoning Ordinance (JCZO)

---

[1] A person to whom a zoning decision is specifically directed may petition for judicial review if the petition is filed no later than thirty days after the zoning decision in question is entered. Ind. Code §§ 36-7-4-1603, 1605 (2011).

was issued to the Chapos, requiring them to discontinue operation of the tactical and test firing range or shooting range.

[8] On April 16, 2016, via Trigger Time, the Chapos' business, Deputy Big Shot, announced its grand opening date set for Saturday, April 30, 2016, and Sunday May 1, 2016, where guests were invited to shoot, shop, and eat, and promoted an upcoming adult beginner's pistol-shooting class. Exhibit Vol. III, pp. 87-89.

[9] On April 19, 2016, the Chapos, pro se, submitted to the JCPC a response to the written complaint and enforcement order, disparaging the complainants. The Chapos contended the complainants were "informing us 'country folk' that we are not living up to their story book fantasy of country life," stating that "Some of us country folk do cling to our bible and guns. It's our way of life." Appellants' App. Vol. II, p. 59. The next day, the JCPC held a hearing on whether to proceed with enforcement, and the Chapos were given an opportunity to be heard on the issue. The JCPC voted to approve litigation and to provide a resolution of intent to seek litigation to the Jefferson County Board of Commissioners (JCBC) for review.

[10] A second enforcement order was issued to the Chapos on April 27, 2016, with this order differing from the first by including relevant citations to sections of the JCZO–("6.24(C) & 11.70 et. al. & etc; 28-5-15 & 28-9 et al. & etc"). *Id.* at 93. That same day, the JCBC held a hearing at which the Chapos were given the opportunity to be heard.

After the hearing, the JCPC filed a complaint against the Chapos on May 25, 2016, alleging that the Chapos had violated a zoning ordinance and a decision by the JCBZA denying their application for the conditional use of their property for a tactical and test firing range or shooting range. On August 2, 2016, the Chapos filed a motion to dismiss and an answer to the complaint. On August 8, 2016, the JCPC filed a motion for a preliminary injunction and a request for hearing.

On October 12, 2016, the trial court held a hearing on the JCPC's motion for a preliminary injunction, later issuing an order granting the motion on November 17, 2016. On November 23, 2016, the trial judge issued two orders. The first was an order vacating its November 17, 2016 order due to a conflict of interest. The second was an order of recusal, requesting that the matter be heard by a special judge.[2] On December 1, 2016, a notice was entered that the Honorable

---

[2] Jefferson County LR39-TR-79-TR-3 applied to that situation. The local rule reads as follows:

Whenever a special judge is to be selected pursuant to Trial Rule 79(H), the following method shall be used:

A. The Jefferson County Clerk shall select a special judge by making a random selection from the Circuit and Superior Court Judges of Administrative District No. 22, after first excluding the then presiding judge of the Court and any judge before whom the case is or has been pending.

B. In the event a case is dismissed and re-filed, the judge last having jurisdiction in the dismissed case shall be the judge in the new case.

C. In the event of a recusal by the regular presiding judge, the other judge of the County shall be appointed judge unless she or he must also recuse herself or himself, in which case the procedure in paragraph A shall be used.

D. In the event no judge listed above is eligible to serve as special judge or the particular circumstances of a case warrants selection of a special judge by the Indiana Supreme

Jeffrey Sharp, Judge of the Ripley Superior Court, had been selected to serve as special judge in the case. Appellants' App. Vol. II, p. 92.

[13] On December 5, 2016, the JCPC filed a motion for an expedited hearing on the preliminary injunction and a motion to join Deputy Big Shot to the action. The trial court granted both motions. On December 12, 2016, the Chapos filed a motion to stay the preliminary injunction order, which was denied as moot because the order was vacated and the previous trial judge had recused himself.

[14] On December 14, 2016, the trial court conducted a hearing on all pending motions. Also on that date, the Chapos filed a Notice of Appeal seeking interlocutory review of the November 17, 2016 order. On January 4, 2017, the trial court issued an order resolving all pending motions and granting the preliminary injunction. The Chapos then retained legal counsel. On January 9, 2017, this Court granted the Chapos' request to amend the notice of appeal to correct mistakes and to include the January 4, 2017 order. The Chapos filed the amended notice of appeal on January 24, 2017.

[15] On January 9, 2017, the Chapos filed with this Court a motion to stay the preliminary injunction order. Also filed on that date was the JCPC's response and objection to the motion to stay. On January 24, 2017, this Court denied the motion to stay.

Court, that situation shall be certified to the Indiana Supreme Court for selection of the special judge.

[16]  On March 14, 2017, the JCPC filed a citation for contempt and a motion to enforce the preliminary injunction in the trial court. On July 14, 2017, the JCPC filed an amended citation for contempt and motion to enforce the preliminary injunction. In an order dated October 17, 2017, the trial court found the Chapos to be in contempt of court orders and granted the motion to enforce the preliminary injunction. On October 26, 2017, the JCPC filed a motion for final hearing and a motion for permanent injunction with the trial court. On October 30, 2017, the trial court stayed further proceedings until this Court had issued a decision in this appeal. The Chapos now appeal.

[17]  Initially, we note that the Chapos have raised various alleged errors based on the November 17, 2016 order granting the JCPC's request for a preliminary injunction. As explained above, the trial court vacated the order, citing a conflict of interest. The trial court also issued an order recusing from the case and requesting that the matter be heard by a special judge. Because the November 17, 2016 order has been vacated, any issues raised on appeal regarding it are moot. An issue is deemed moot when the issue is no longer live or when the parties lack a legally cognizable interest in the outcome of its resolution. *Jones v. State*, 847 N.E.2d 190 (Ind. Ct. App. 2006), *trans. denied*. When a court on review is unable to provide effective relief upon an issue it is deemed moot. *Id.* Such is the case here.

[18]  Next, the Chapos challenge the trial court's January 4, 2017 order granting the JCPC's request for a preliminary injunction against them and Deputy Big Shot. The Chapos argue that the January 4, 2017 order was invalid because the

November 17, 2016 order was still in force. They cite to the sequence of the trial court clerk's filing bar code numbers and input dates in the chronological case summary in support of their argument.

[19] The trial court issued an order dated November 23, 2016 in which the judge recused himself from the case to avoid the appearance of impropriety. In an order dated November 24, 2016 (which was Thanksgiving Day), the trial court referred to its November 17, 2016 order granting the preliminary injunction. The trial court noted that it had discovered a conflict of interest and referred to an order of recusal that would be entered that same date. The trial court then found that its November 17, 2016 order should be vacated and heard by a special judge. A third order entitled "Nunc Pro Tunc Order" was issued on November 23, 2016. In the order, the trial court referred to its order granting a preliminary injunction, its discovery of the conflict of interest, its entry of an order of recusal that same day, and its decision to vacate its preliminary injunction order.

[20] A nunc pro tunc order is defined as "an entry made *now* of something which was actually previously done, to have effect as of the former date." *Cotton v. State*, 658 N.E.2d 898, 900 (Ind. 1995) (quoting *Perkins v. Hayward*, 132 Ind. 95, 101, 31 N.E. 670, 672 (1892)). To provide a sufficient basis for the nunc pro tunc order, the supporting written memorial (1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the

court contemporaneous with or preceding the date of the action described. *Id.* (citing *Stowers v. State*, 266 Ind. 403, 411, 363 N.E.2d 978, 983 (1972)).

[21] Here, the trial court's nunc pro tunc entry corrected a scrivener's error with respect to the order purportedly issued on November 24, 2016, vacating its November 17, 2016 order. The November 24, 2016 order explicitly referred to the order of recusal, noting that it was entered on that same date ("on even date hereof"). Appellant's App., Vol. II, p. 90. The recusal order was dated November 23, 2016. The clear language of the trial court's orders reflects its rulings. Any discrepancy in the sequence of the trial court clerk's filing bar code numbers and input dates does not defeat the clearly expressed actions of the trial court. Because the prior order was vacated and no longer in force, the January 4, 2017 order could be validly entered.

[22] The Chapos argue in the alternative that the January 4, 2017 order was invalid, even if the November 17, 2016 was vacated, because the special judge took judicial notice of the transcript and evidence from the previous hearing on the preliminary injunction. They contend that the special judge's order is invalid because he did not rule on the evidence himself and the prior judge's rulings during the hearing including the admissibility of evidence are suspect due to his conflict of interest. Further, they claim that they do not know what evidence was judicially noticed.

[23] A certified copy of the transcript of the October 12, 2016 hearing and the exhibits introduced at that hearing were admitted without objection at the

hearing before the special judge. Instead of objecting, the Chapos requested a copy of the transcript and exhibits, were promised to be provided with the same, and thanked the court. Any argument regarding the admission of the transcript and exhibits is, therefore, waived. *See In re Des.B.*, 2 N.E.3d 828 (Ind. Ct. App. 2014) (failure to object to the admission of evidence at trial results in waiver precluding appellate review).

[24] Waiver notwithstanding, a trial court has broad discretion in ruling on the admissibility of evidence. *Dycus v. State*, 90 N.E.3d 1215 (Ind. Ct. App. 2017). We will disturb the trial court's ruling only where it is shown that the trial court has abused its discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court misapplies the law. *Id.*

[25] When a party seeks to have a court consider evidence presented at a previous proceeding in the very same action, the request is alternately called incorporation by reference or judicial notice. *Arms v. Arms*, 803 N.E.2d 1201 (Ind. Ct. App. 2004). Indiana Evidence Rule 201 governs the kinds of facts and laws that may be judicially noticed and outlines the procedure involved. "A trial judge may take judicial notice of the pleadings and filings in the very case that is being tried." *Sanders v. State*, 782 N.E.2d 1036, 1038 (Ind. Ct. App. 2003). A trial court may take judicial notice of proceedings that have taken place in that court and in that cause of action. *Arms*, 803 N.E.2d 1201. Several cases have permitted the incorporation by reference of evidence presented in an

earlier hearing when doing so would prevent redundancy. *Id.* Incorporation by reference will be allowed if it will minimize needless duplication of effort. *Id.*

[26] Here, there was no abuse of discretion in the admission of the evidence from the October 12, 2016 hearing. Disallowing the evidence would have led to a duplication of efforts to present evidence identical to or cumulative of that previously presented evidence. Further, the evidence was admitted without objection.

[27] The Chapos assert that the trial court abused its discretion by granting the preliminary injunction because the JCPC did not present the four elements necessary to support a request for a preliminary injunction.

[28] The procedural requirements for preliminary injunctions are governed by Indiana Trial Rule 65(A). With respect to the substantive requirements, "to obtain a preliminary injunction, the movant must show (1) a reasonable likelihood of success on the merits; (2) the remedies at law are inadequate and there will be irreparable harm during the pendency of the action; (3) the threatened injury to the movant from denying the motion outweighs the potential harm to the nonmovant from granting the motion; and (4) the public interest would not be disserved by granting the injunction." *Vickery v. Ardagh Glass, Inc.*, 85 N.E.3d 852, 859-60 (Ind. Ct. App. 2017), *trans. denied*.

[29] On appeal from a trial court's ruling on a motion for preliminary injunction, we consider whether the evidence supports the trial court's factual findings and whether the findings support the judgment. *Id.* As for the findings of fact, we

must determine if they were clearly erroneous, or, put another way, if a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We will consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.* We will neither reweigh the evidence nor reassess witness credibility. *Id.* As for conclusions of law, we apply a de novo standard of review. *Id.*

[30] When an act to be enjoined is unlawful, the unlawful act constitutes irreparable harm for purposes of preliminary injunction analysis. *Short On Cash.Net of New Castle, Inc. v. Dep't of Fin. Inst.*, 811 N.E.2d 819 (Ind. Ct. App. 2004). When the trial court invokes the per se rule, that means the trial court has determined that the defendant's actions have violated a statute. *Id.* Thus, the public interest is so great that the injunction shall issue regardless of whether the plaintiff has incurred irreparable harm or whether the plaintiff will suffer greater injury than the defendant. *Id.*

[31] In its amended complaint, the JCPC alleged that it was a duly established plan commission authorized under Indiana Code section 36-7-4-1014 (2011) and the Jefferson County Zoning Ordinance section 11.50 (Title 28-8-23) to enforce the Jefferson County Zoning Ordinance by civil action. Here, the Chapos filed an application for conditional use. The Chapos' application for conditional use explicitly acknowledged that the property was zoned for agricultural use. The JCBZA denied the Chapos' request for the conditional use of the property as a tactical and test firing range or shooting range. Nonetheless, they used the

property as a tactical and test firing range or shooting range in violation of the zoning ordinance.

[32] Consequently, the JCPC has proved a reasonable likelihood of success on the merits. The grant of the preliminary injunction would not disserve anyone's interest but the Chapos' and their customers. The public would be served by enforcement of the ordinance so that any disruption or disturbance of the public living in the area or near the property would cease. The evidence supports the trial court's findings of fact and the findings support the trial court's judgment.

[33] The Chapos' argument that the application made reference to an older version of the zoning ordinance amounts to a collateral attack on the denial of their application. They did not appeal the decision of the JCBZA, yet they operated a tactical and test firing range or shooting range on the property. Further, the complaint registered with respect to the noise led to an investigation. During the investigation, enforcement officers learned that the Chapos were in violation of the zoning ordinance and the orders issued by the JCBZA enforcing the ordinance.

[34] The Chapos also seek to challenge the trial court's order issued on December 9, 2016, which granted the JCPC's request to join Deputy Big Shot to the action, for leave to file an amended complaint, and for relation back of the amended complaint. They assert that the order was an ex parte order. The appeal from the order granting the preliminary injunction was appealable as a matter of right under Indiana Appellate Rule 14(A)(5). This Court has jurisdiction in all

appeals from final judgments. Ind. Appellate Rule 5(A). Pursuant to Indiana Appellate Rule 2(H)(1), a final judgment is one which disposes of all claims as to all parties. The trial court did not expressly direct entry of judgment under Indiana Appellate Rule 2(H)(2). A trial court has inherent power to reconsider any of its previous rulings so long as the action remains in fieri. *Branham Corp. v. Newland Res., LLC*, 44 N.E.3d 1263 (Ind. Ct. App. 2015). We will not consider the Chapos' argument concerning the December 9, 2016 order.

[35] In light of the foregoing, we affirm the judgment of the trial court.

[36] Judgment affirmed.

Vaidik, C.J., and Brown, J., concur.