## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 15 2021, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher J. Petersen
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patrick W. Scholl,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 15, 2021

Court of Appeals Case No.
20A-CR-1282

Appeal from the Elkhart Superior Court

The Honorable Charles C. Wicks, Judge

Trial Court Cause No.
20D05-1602-F5-31

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Patrick Scholl (Scholl), appeals the trial court's *nunc pro tunc* order correcting his sentence.

We affirm.

# ISSUE

Scholl raises one issue on appeal, which we restate as: Whether the trial court erred when it issued a *nunc pro tunc* entry to correct a clerical error in Scholl's prior sentencing order.

# FACTS AND PROCEDURAL HISTORY

On February 5, 2016, the State filed an Information in Cause number 1602-F5-31 (F5-31), charging Scholl with Level 5 felony habitual traffic violator and Class A misdemeanor resisting law enforcement. On April 3, 2017, Scholl pleaded guilty to the charges, and on July 31, 2017, the trial court sentenced Scholl to the Department of Correction (DOC) to serve concurrent terms of five years as to the Level 5 felony and 360 days as to the Class A misdemeanor.

On August 10, 2017, Scholl sought to have his sentence modified to work release with GPS monitoring, but was denied. On November 30, 2017, Scholl again sought to have his sentence modified to work release with GPS monitoring. Although the trial court denied Scholl's request, it stated that it would consider modifying Scholl's sentence after it received a progress report from the DOC. The trial court received Scholl's progress report on December

28, 2017. On March 19, 2018, the trial court held a modification hearing. The trial court subsequently granted Scholl's request and ordered the balance of Scholl's sentence "to be executed with alternative placement [] at Elkhart County Community Corrections" (ECCC). (Appellant's App. Vol. II, p. 91). The trial court also ordered Scholl, who had issues with his eye and required surgery, to resolve his medical problems before reporting to ECCC. On May 14, 2018, Scholl filed a motion to modify his sentence to probation and stated that his medical appointments would overlap with his commitment to ECCC. On June 13, 2018, the trial court vacated Scholl's obligation to report to ECCC and scheduled a modification hearing. October 8, 2018, the trial court postponed Scholl's report date to the ECCC. On November 26, 2018, the trial court held another modification hearing and ordered Scholl to report to the ECCC on February 6, 2019. However, Scholl failed to report as directed.

[6] On April 15, 2019, the trial court held a violation hearing and directed the Sheriff to transport Scholl to the Elkhart County Jail for the execution of his sentence. On July 31, 2019, ECCC notified the trial court that Scholl broke his pelvis and hip joint socket while at work and that Scholl would require rehabilitative care of about six months. On August 5, 2019, the trial court ordered Scholl to be released from custody.

[7] On December 16, 2019, the trial court conducted a modification hearing. Over the State's objection, Scholl orally moved for alternative placement, *i.e.,* to serve the remainder of his aggregate five-year sentence in F5-31 either on work release or probation. The trial court granted Scholl's request and ordered him

to serve his sentence on work release through Michiana Community Corrections (MCC). While issuing that order, the trial court reiterated that Scholl's sentence is five years as to the Level 5 felony habitual traffic violator and 360 days as to the Class A misdemeanor resisting law enforcement. The modification order and chronological case summary (CCS) of that hearing, however, stated that Scholl's sentence for the Level 5 felony is 540 days instead of five years.

[8] On January 24, 2020, Scholl reported to MCC to begin his work release. On February 27, 2020, MCC filed a notice alleging that Scholl had violated the conditions of his work release for failing a drug screen, failing to obtain and maintain employment, and leaving his home without authorization. A violation hearing was held on April 20, 2020, and Scholl admitted the violations. During the hearing, the trial court was confused by why Scholl's sentence for the Level 5 felony habitual traffic violator was changed from five years to 540 days. The trial court then stated that it wanted to "listen to the transcript" of the December 16, 2019 sentence modification hearing because there were no "notes on the CCS as to why that was done." (Transcript p. 28).

[9] On May 4, 2020, the trial court conducted a hearing to determine Scholl's credit time with respect to his sentence. At the start of that hearing, the trial court stated that it had listened to the December 16, 2019 sentence modification transcript, and the court reporter had confirmed there was a clerical error on the CCS because the trial court had not modified Scholl's Level 5 felony sentence from five years to 540 days. Scholl objected to the trial court issuing a *nunc pro*

*tunc* order to correct the error, and following arguments from the parties, the trial court found that a *nunc pro tunc* order was proper under the circumstances to correct that "clerical error." (Appellant's App. Vol. II, p. 165).

[10] Scholl now appeals. Additional information will be provided as necessary.

# DISCUSSION AND DECISION

[11] Our supreme court has defined a *nunc pro tunc* order as "'an entry made now of something which was actually previously done, to have effect as of the former date.'" *Cotton v. State*, 658 N.E.2d 898, 900 (Ind. 1995) (quoting *Perkins v. Hayward*, 132 Ind. 95, 101, 31 N.E. 670, 672 (1892)). Such entries may be used to either record an act or event not recorded in the court's order book or change or supplement an entry already recorded in the order book. *Id.* Its purpose is "'to supply an omission in the record of action really had, but omitted through inadvertence or mistake.'" *Id.* (quoting *Perkins*, 132 Ind. at 101, 31 N.E. at 672). That is, the trial court's record must show that the unrecorded act or event actually occurred. *Id.* Our supreme court "has required that a written memorial must form the basis for establishing the error or omission to be corrected by the *nunc pro tunc* order." *Id.*; *see also Arsenal Sav. Ass'n v. Westfield Lighting Co.*, 471 N.E.2d 322, 326 (Ind. Ct. App. 1984) ("The crux of a *nunc pro tunc* entry, then, is that the trial court corrects the record on the basis of information which is already in the record. It is not [a] license to make judicial changes in the actual law or ruling of the case."). *Nunc pro tunc* "'entries may be made only upon notice to the parties and an opportunity of the parties to be

heard on the matter.'" *Anderson v. Horizon Homes*, Inc., 644 N.E.2d 1281, 1287 (Ind. Ct. App. 1995) (quoting *Stowers v. State*, 266 Ind. 403, 411, 363 N.E.2d 978, 983 (1977)), *trans. denied*.

[12] Scholl contends that the trial court erred in issuing the *nunc pro tunc* order because "there does not exist any written memorial that an error occurred which could allow for a [*nunc pro tunc*] order or entry." (Appellant's Br. p. 11). We disagree. The record shows that at the December 16, 2019 sentence modification hearing, due to health issues, Scholl requested an alternative placement, *i.e.*, to serve his aggregate five-year sentence either on work release or probation. The trial court granted his request and ordered him to serve his sentence on work release through MCC. At no point during that hearing did Scholl request a sentence reduction, and at no point did the trial court direct that his sentence be reduced. In fact, contemporaneous to that modification order, the trial court reiterated in open court that Scholl's sentence in F5-31 is five years for the Level 5 felony and 360 days for the Class A misdemeanor.

[13] Contrary to Scholl's claim, the December 16, 2019 hearing in which the trial court considered Scholl's alternative placement request was transcribed and memorialized. *See Stowers*, 363 N.E.2d at 983-84 (holding that the transcript of a guilty plea proceeding formed a sufficient basis for making a *nunc pro tunc* order book entry clarifying that the plea was conditionally received, not accepted). Accordingly, we cannot say that the trial court erred by concluding that the entry of the *nunc pro tunc* order was proper in this case. *See, e.g., Cotton*, 658 N.E.2d at 901 (holding that the trial court's *nunc pro tunc* entries were

supported by sufficient written memorials and that they served "to make the record speak the truth").

# CONCLUSION

Based on the foregoing, we hold that the trial court did not err in issuing the *nunc pro tunc* order to correct a clerical error in Scholl's prior sentencing order.

Affirmed.

Najam, J. and Crone, J. concur